S. E. SPARKMAN, *Appellant*, vs. COUNTY BUDGET COMMIS-SION, et al., *Appellee.*

137 So. 809.

En Banc.

Opinion filed October 22, 1931.

Petition for rehearing denied December 5, 1931.

*L. D. McGregor,* for Appellant;

*Sutton, Tillman & Reeves,* for Appellees.

*E. J. L'Engle, J. Turner Butler, John E. Mathews, H. P. Adair, J. Henry Blount* and *Wm. M. Madison,* as amici curiae.

WHITFIELD, J.—Chapter 14678, Acts of 1931, approved June 15, 1931, contains the following title and provisions pertinent in this case:

"AN ACT to Create a County Budget Commission in Counties Having a Population of More Than One Hundred and Fifty Thousand by the Last Preceding State or Federal Census; to Prescribe the Powers, Duties and Functions of Such County Budget Commission and the Qualifications, Terms of Office and Methods of Appointment or Election of Members Thereof; and to Authorize Such County Budget Commission to Make and Control the Budgets of Receipts.

and Expenditures of the Board of County Commissioners, Board of Public Instruction, County Welfare Board, Parental Home Board and all Other Boards, Commissions and Officials of such Counties or of Taxing Districts (Except School Districts) Situate Therein Authorized to Raise and Expend Moneys for County or District Purposes.

Section 2. There is hereby created in each of the several counties of the State of Florida having a population of not less than one hundred and fifty thousand (150,000) by the last preceding State or Federal census a County Budget Commission to be composed of five resident registered voters. No two members of the County Budget Commission shall be residents of the same County Commissioners District. The members of the County Budget Commission shall be elected by the voters of the county at large, but the first members of the Commission shall be appointed by the Governor when this act shall take effect to hold office until the first Tuesday after the first Monday in January, A. D. 1933. The first election of Commissioners shall be at the general election in the year 1932; and those elected from the even numbered county commissioners districts shall be elected and serve for only two (2) years, and those elected from the odd numbered county commissioners districts shall be elected and serve for four (4) years. Thereafter, the terms of all members of the County Budget Commission shall be four (4) years.

Section 9. The County Budget Commission is hereby authorized and empowered to change, alter, amend, increase or decrease any item and total amount or amounts of any estimate of expenditures or receipts prepared or submitted by any board pursuant to this act, and to fix, determine, and adopt a budget of all receipts and all expenditures for every such board. "The County Budget Commission may also fix and determine the amount to be paid or allowed by the county during the ensuing fiscal year by or for each and every county officer for salaries of employees and deputies and for supplies and other expenses of the conduct of his office. Every such budget so adopted by the County Budget Commission for each such board shall be final and shall have the force and effect of

fixed appropriations determined by the authority of law which shall not be altered, amended or exceeded in whole or in part by any such board or officer or member thereof. * * *

Section 15.''Any officer or member of any board who shall knowingly or wilfully expend money or incur any liability for any purpose in any amount in excess of ninety-five per cent (95%) of the amount fixed, determined and appropriated by the County Budget Commission in the county budget for such purpose for the fiscal year for which such expenditure shall be made or incurred shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than One Thousand Dollars ($1,000.00) or imprisoned in the County Jail for not more than six (6) months or both, in the discretion of the court; and in addition thereto he and his sureties shall be liable to the county for the amount expended or incurred in excess of such budget appropriation with legal interest thereon to be recovered in an action at law in the name of the county to be brought by the County Budget Commission or any taxpayer.'' Any officer who shall wilfully fail or refuse to file any estimate or report or who shall knowingly and wilfully withhold or refuse to furnish any information or report when required by said County Budget Commission pursuant to this act or furnish any false or untrue information or report shall be guilty of a misdemeanor and upon conviction shall be punished in the manner stated in this Section.

In addition to the foregoing, any county officer who shall violate this act or any provision thereof, or who shall obstruct or refuse to perform or carry out any duty imposed upon him by this Act, or who shall fail or refuse to comply with the terms and provisions of this Act shall be subject to be removed by the Governor upon request of the County Budget Commission or any taxpayer.

Section 19. This act shall take effect immediately upon its becoming a law, but no budget shall be adopted or certified by any County Budget Commission hereto prior to the year 1932.''

Chapter 15727, Acts of 1931, amends Section 19, Chapter 14678, as follows:

"Section 19. 'This Act shall take effect immediately upon its becoming a law but no budget shall be adopted or certified by any County Budget Commission hereto prior to the year 1932 unless the Board of County Commissioners of any County affected by this Act shall by resolution desire the adoption and certification by the County Budget Commission provided for herein for the year 1931, and in that event, upon the receipt of a duly certified copy of said resolution the Governor shall immediately appoint a Budget Commission for that County and the Budget Commission so appointed shall at once qualify and proceed to the adoption and certification of a budget as provided for herein for the year 1931 and all the reports from the various County Boards and County Officers provided for in this Act shall be at once properly transmitted to the said Budget Commission for its immediate use. The true intent and meaning of this Section is that at the option of the Board of County Commissioners of any County affected hereby so expressed in a resolution and duly transmitted to the Governor the entire provisions of this Act shall become immediately effective so that the budget to be adopted and certified for the year 1931 may be made up by the County Budget Commission of that County in the manner provided by the terms of this Act. Unless the Board of County Commissioners of any County coming under the provisions of this Act shall desire that it become immediately effective and shall pass such resolution it shall not become effective until the year 1932.' "

A citizen taxpayer who is Tax Assessor for Hillsborough County, sought to enjoin the Budget Commission of that county from operating under the Acts upon allegations that the enactments are invalid because violative of organic provisions. The court dismissed the bill of complaint and complainant appealed.

Even if the complainant may maintain the suit, the statutes are not shown to be invalid.

Chapter 14678 is not a local law since it makes a

reasonable classification of counties for the statutory enactments. It applies to all "counties having a population of more than one hundred and fifty thousand by the last preceding State or Federal census." The reference to the last preceding census is progressive and all counties may in time attain the stated population. See State ex rel. v. Smith, 88 Fla. 151, 101 So. 350; State ex rel. v. Daniel, 87 Fla. 270, 99 So. 804.

"The Legislature may feel itself unable conveniently to determine exactly when its exercise of the legislative power should become effective, because dependent on future conditions, and it may leave the determination of such time to the decision of executive or other officials. A statute so providing is not unconstitutional as a delegation of legislative power. Ex parte Lewis, 101 Fla. 624, 135 So. 149.

As to overlapping duties of constitutional and statutory county officers, see State ex rel. v. Wheat, decided at this term.

The constitution requires the election of "a County Assessor of Taxes" and provides that his "powers, duties and compensation shall be prescribed by law." Section 6, Article VIII.

By statute it is provided that the tax assessor shall receive as his yearly compensation for his official services a sum not exceeding a stated amount from the net income from the office: viz: the residue of the income from the office after deducting all *reasonable* expenditure for the salaries of clerks and assistants and the necessary expenditures for the proper operation of said office. A sworn report showing receipts and expenditures is required to be made periodically to stated officials.

Chapter 14678, Acts of 1931, provides that:

"The County Budget Commission may * * * fix and determine the amount to be paid or allowed by the county during the ensuing fiscal year by or for each and every county officer for salaries of employees and

deputies and for supplies and other expenses of the conduct of his office.''

Under the statutes a particular county officer acquires title to the fees and other compensation he is by law allowed to receive for official services only in an amount of the net income from the office that does not exceed the ''yearly compensation'' fixed by the statute. All reasonable expenditures for the salaries of clerks and assistants and the necessary expenditures for the proper operation of the office are to be deducted from the gross income to determine the ''net income'' from which the officer is to get his ''yearly compensation.''

Amounts received by the officer for services rendered by virtue of the office in excess of the sum the officer is allowed from the ''net income'' of the office as his ''yearly compensation,'' are held in trust by the officer to be accounted for and paid over by the officer as required by the statute. See Dayton-Goose Creek Ry. v. U. S., 263 U. S. 456.

It is within the province of the legislature to regulate the amounts paid for assistants and other office expenses, so as to insure that such expenditures shall be ''reasonable.''

Where as in this case an administrative tribunal is authorized to determine what is a reasonable amount to be paid for office assistants and expenses, the statute contemplates that such determination shall be upon a due consideration of appropriate data relating to the reasonable requirements for the help and other expenses in the particular office; and such determination of reasonableness, if an abuse of authority, is subject to judicial review in appropriate proceedings.

The statute provides that expenditures by county officers for the salaries of clerks and assistants and the necessary expenses for the operation of the offices respectively shall be ''reasonable''. This is the standard

fixed by the law, and statutes may authorize an administrative board to determine, subject to judicial review, what are such *reasonable* expenditures, without making an unlawful delegation of legislative power. See R. R. Com. v. P. & A. R. R. Co., 24 Fla. 417, ... So. ...., 12 Am. St. Rep. 220, 25 L. R. A. 504; State v. A. C. L. Ry., 56 Fla. 617, 47 So. 969, 32 L. R. A. (N. S.) 639; 12 C. J. 847.

"A party affected by a statute passed without his having an opportunity to be heard is entitled to a safe and adequate judicial review of the legality thereof. It is a denial of due process of law if such review can be affected by appeal to the courts only at the risk of having to pay penalties so great that it is better to yield to orders of uncertain legality than to ask the protection of the law. Regulations made by administrative officers, acting under statutory authority, are generally legislative in their nature and have not the attributes of a final judgment or decree of a judicial tribunal; and those who are directly affected by such administrative rates, etc., are under the due process of law clauses of the State and Federal Constitutions, entitled to a judicial review of questions in good faith duly presented, challenging the validity of the administrative action taken, as it affects private property rights." F. E. C. Ry. Co. v. State, 79 Fla. 66, 83 So. 708.

Chapter 14678, Acts of 1931, here assailed is not void in toto, and an abuse of administrative authority conferred by the Act may be enjoined in appropriate procedure by proper parties in cases where the principles announced in Ex parte Young, 209 U. S. 123, and Oklahoma O. C. v. Love, 252 U. S. 331, and Regan v. Farmers' Loan & Trust Co., 154 U. S. 362, are applicable, the remedy at law being inadequate. See also McSween v. State Live Stock Sanitary Board, 97 Fla. 750, 122 So. 239; 32 C. J. 245.

In L. & N. Ry. Co. v. R. R. Com., 63 Fla. 491, 58 So. 543, 44 L. R. A. (N. S.) 189, n., an injunction was not

granted because there was an adequate remedy at law. The statute authorized the railroad commission to enforce its orders by mandamus and defenses could be presented in that action, therefore an adequate remedy at law was afforded by the statute. In that case it is said:

"Illegal action taken by State officials may be enjoined when the ordinary remedies afforded by courts of law are inadequate."

The statute in this case does not authorize the Budget Commission to fix the compensation of the officer, that is done by statute. Nor does the statute authorize the Budget Commission to fix the number or qualifications of employees or the character of other expenses. The statute does not authorize a board to "fix the number and compensation of deputies, clerks, or assistants," as did Chapter 7334, Acts of 1917, in State ex rel. v. Spencer, 81 Fla. 211, 87 So. 634.

The Act requires the Governor to appoint the first members of a County Budget Commission "when this Act shall take effect." The original Act provided that "it shall take effect immediately upon becoming a law," and this was not changed by the amendment which in effect enacts that though the Act provides that no budget shall be adopted and certified under the Act prior to 1932, yet if the Board of County Commissioners of any county affected by the Act shall take stated action the Governor shall immediately appoint a Budget Commission for that county who shall qualify and proceed to adopt a budget for that county for the year 1931. This does not make the amendment or the original Act a special or local law. The Board of County Commissioners of all or of any of the counties included in the general class covered by the statute can take the action authorized by the amendment. As the statute took effect upon becoming a law, though to be put in operation in 1932, the amendment making it operative in 1931 in any county

covered by the Act, upon stated action taken, does not affect its character as a general law, and does not make the Act an unlawful delegation of legislative power. See Ex parte Lewis, supra. The main purpose of the Act is to create a statutory board and as an incident thereto to define its duties. Being a general law, the regulations therein affecting the duties of constitutional county officers and boards do not violate section 20, Article III of the constitution. The title to each of the Acts is legally sufficient and is not misleading as to the contents of the Acts respectively.

Affirmed.

ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.

BUFORD, C.J., dissenting: In this case I am unable to agree with my associates as to the validity of the act under consideration.

It appears to me that that part of section 9 of Chapter 14678, Acts of 1931, reading as follows:

"The County Budget Commission may also fix and determine the amount to be paid or allowed by the county during the ensuing fiscal year by or for each and every county officer for salaries of employees and deputies and for supplies and other expenses of the conduct of his office. Every such budget so adopted by the County Budget Commission for each such Board shall be final and shall have the force and effect of fixed appropriations determined by the authority of law which shall not be altered, amended or exceeded in whole or in part by any such board or officer or member thereof."

and that part of section 15 of the Act reading as follows:

"Any officer or member of any board who shall knowingly or wilfully expend money or incur any liability for any purpose in any amount in excess of ninety-five percent (95%) of the amount fixed, determined and appropriated by the County Budget Commission in the County budget for such purpose for the fiscal year for which such expenditure shall be made

> or incurred shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than One Thousand Dollars ($1,000.00) or imprisoned in the County Jail for not more than six (6) months or both, in the discretion of the court; and in addition thereto he and his sureties shall be liable to the county for the amount expended or incurred in excess of such budget appropriation with legal interest thereon to be recovered in an action at law in the name of the county to be brought by the County Budget Commission or any taxpayer."

and so unreasonable and contrary to the spirit of fundamental law as to render them void. See Flint River Steam Boat Co. v. Roberts, 2 Fla. 102; Ex parte Williams Nightingale, 12 Fla. 272. Many of the county officers affected by the provisions of this Act are constitutional officers. When they assume their respective offices they assume the duty and obligation to conduct those offices in an honest and efficient manner. The provisions of the act above referred to vest in the Budget Commission created by the Act the power to destroy the efficiency of each and every officer in the county and also to create such a condition as to require a county officer to commit an offense, subjecting him to removal by expendnig the necessary funds to conduct his office in an efficient manner.

I agree with the statement in the majority opinion that, "It is within the province of the legislature to regulate the amounts paid for assistance and other office expenses so as to insure that such expenditures shall be reasonable." But I do not agree that the legislature may delegate this power to regulate as has been attempted by this Act and I do not think that this infirmity of the Act may be cured by administering the salve contained in the statement to the effect that if the commission in the exercise of this power should abuse its authority its action is subject to judicial review in appropriate proceedings.

It is true, as stated in the majority opinion, that in *terms*, "The statute in this case does not authorize the

Budget Commission to fix the compensation of the officer; that is done by statute. Nor does the statute authorize the Budget Commission to fix the number or qualifications of employees or the character of other expenses''. But as I construe the statute, it does by necessary implication do these things. The Budget Commission may fix the expenditures to be made by the Clerk or other officer in the operation of his office at such a figure that it will be impossible to conduct the affairs of the office with competent and sufficient help. In that event, the Clerk must either reduce his salary by the amount necessary to supplement that allowed by the Budget Commission, or else must sacrifice efficiency and sufficiency of help and equipment to conduct the affairs of his office. As I see it, it is no answer to say that when this is done the Clerk may go into court and after the expiration of such time as may be necessary to get a final judicial determination, enforce a judicial decree which will remedy the situation and allow him to conduct the affairs of his office in a proper and efficient manner. Whenever a statute delegates to some political board the power to fix the amount which may be expended to conduct a county or state office it vests in that political board necessarily the power to fix the number and qualifications of the employees in that office and the character of other expenses.

I think that the Act may stand as a complete and workable and valuable law without these unreasonable provisions delegating legislative authority and that, therefore, they should be held void and the remainder of the Act held valid.