STATE *ex rel.* CARY D. LANDIS, Att'y Gen'l, v. MILLER WILLIAMS, *et al.,* Budget Com'rs, Palm Beach County.

151 So. 284.

Opinion Filed November 15, 1933.

*Cary D. Landis,* Attorney General, *H. E. Carter,* Assistant Attorney General, *C. D. Blackwell* and *A. L. Rankin,* for Relator;

. *Jos. S. White,* for Respondents;

. *W. H. Poe,* as *Amicus Curiae.*

WHITFIELD, J.—The Attorney General filed in this Court an information in the nature of quo warranto alleging that Chapter 15938, Acts of 1933, entitled "An Act to create a county budget commission in counties of Florida having a population of not less than 43,000 and not more than 53,000 by the last preceding State or Federal census," is unconstitutional and void on stated grounds, and praying that the respondents constituting the County Budget Commission of Palm Beach County, Florida, be required to answer by what warrant they claim to hold, use and exercise the aforesaid offices, powers and franchises. By demurrer to the information the respondents in effect assert the constitutionality of the Act and its effectiveness as law as against the information in quo warranto filed by the Attorney General.

The information in effect alleges that Chapter 15938, Acts of 1933, is a special or local law, and is void and of no effect because

(1) Notice of intention to apply for its passage was not published and evidence thereof established in the Legislature as required by Section 21, Article III, of the Constitution as amended in 1928;

. (2) It attempts to regulate the jurisdiction and duties of officers who are not municipal officers;

(3) The classification of counties between 43,000 and 53,000 population embraces only two counties and has no reasonable or practical basis in the subject regulated, thereby violating Section 1 of the Declaration of ·Rights of the Florida Constitution.

The question presented is whether Chapter 15938, Acts of 1933 is valid as a general law based upon a classification by population of counties between 43,000 and 53,000, the subject of the Act being the creation of budget boards in the counties included in the class designated in the statute.

The Constitution recognizes the power of the Legislature to create statutory offices. See Section 7, Article XVI; Section 27, Article III.

"Classification of counties for governmental purposes based upon population is permissible in enacting general laws." 87 Fla. 270, 99 So. 804.

In Jordan, Clerk, v. State *ex rel.* Davis, Attorney General, 100 Fla. 494, 129 So. 747, it was held that a statute changing the general law on the subject by a classification of counties by population between 40,000 and 43,000, for regulating the number of names to be annually selected for the county judge's court, was, *considering the subject regulated,* purely arbitrary and rendered the Act invalid. See also Stripling v. Thomas, Sheriff, 101 Fla. 1015, 132 So. 824; Knight v. Board of Public Instruction for Hillsborough County, 136 So. 631; Anderson v. Board of Public Instruction for Hillsborough County, 136 So. 334.

·Here the subject of Chapter 15938, Acts of 1933, is the creation of a county budget commission in counties having a population of not less than 43,000 and not more than 53,000 by the last preceding State or Federal census. This is not shown to be an unreasonable classification of counties by population, considering the particular subject of the Act

which relates to county administrative government. The Legislature had a right to determine that counties within the population limits stated in the Act should each have a county budget commission even though there be but two counties in the class. The classification is not shown to be purely arbitrary. See Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809; State *ex rel.* Buford v. Smith, 88 Fla. 151, 101 So. 350; State *ex rel.* Landis, Attorney General v. Wheat, 103 Fla. 1, 137 So. 227; State *ex rel.* Buford v. Daniel, 87 Fla. 270, 99 So. 804; State *ex rel.* Buford v. Shephard, 84 Fla. 206, 93 So. 667. See also Beasley v. Cahoon, 147 So. 288; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81; Collier, *et al.,* v. Cassady, *et al.,* 63 Fla. 390, 57 So. 617; *Ex Parte* George S. Wells, 21 Fla. 280.

Where the duties and compensation of officers are regulated as an incident to a statutory regulation of another subject, Section 20, Article III, is not thereby violated. State *ex rel.* Buford v. Daniel, 87 Fla. 270, 99 So. 804; State *ex rel.* v. Fearnside, *et al.,* 87 Fla. 349, 100 So. 256; Jackson Lumber Co. v. Walton County, 95 Fla. 632, 116 So. 771; Kroegel v. Whyte, 62 Fla. 527, 56 So. 498; Lainhart v. Catts, *et al.,* 73 Fla. 735, 75 So. 47.

The classification made by the statute is here considered with reference to the difference between general and local laws under Sections 20 and 21 of Article III of the Florida Constitution and not with reference to the guarantee of equal protection of the laws contained in the Fourteenth Amendment to the Federal Constitution.

The mere fact that one or more counties could have been included in the classification as made does not show the formation of the class to be a purely arbitrary exercise of legislative power or that there is no substantial basis for

establishing budget boards in the counties as classified and not in other counties, there being a basis for the classification made that could be considered sufficient in the judgment of the Legislature, whose province it is to make classifications for its enactments.

It is for the Legislature to determine in what counties of the State budget boards should be established for governmental purposes; and such boards may be established by local or general laws; and a law of uniform operation in all counties within a reasonable classification of counties with reference to population may in the judgment of the Legislature be a proper classification and consequently a general law, even though it embraces only two counties and even though other counties could have been included in the class, when the enacted classification as in this case is not purely arbitrary and oppressive and has some practical basis in substantial differences in the population of the counties when considered with reference to the governmental subject and object of the enactment. The law accords reasonable latitude for the exercise of legislative discretion and judgment, and when there may be a conceivable basis for the classification, it is not subject to judicial control, when some provision or principle of organic law is not thereby violated. See 59 C. J. 732; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81, 83.

Section 20, Article III, of the Constitution forbids the enactment of local or special laws regulating the duties or the fees of any class of officers except municipal officers; but where official duties are regulated as an incident to the enactment of regulations of another subject matter, such as the creation of governmental boards as in this case, the cited organic provision is not thereby violated, the main purpose of the Act being the establishment and operation

of budget boards and not the regulation of the duties or compensation of any class of officers.

. The mere fact that four separate Acts containing similar provisions, create budget boards in counties of the State classified by population, does not of itself make any one of the laws a local law within the intendments of Sections 20, and 21 of Article III of the Constitution. If each Act creates a budget board of a different class, the organic provision forbidding local laws regulating the duties and, fees of any class of officers is not violated; and if all may be regarded as one class the duties defined are similar in their nature and cover all the counties in which such budget boards are established. In so far as the fees and duties of any class of officers are regulated as an incident to establishing budget boards and their operation, the organic provision as to officers' duties and fees is not thereby violated. Budget boards may be established by local laws, and official duties may be therein regulated when it is properly incidental to the subject of the Act. If local laws creating county budget boards are subject to Section 21 of Article III of the Constitution, it does not affect the Act here considered, since it is not a local law, but is a general law based upon a permissible classification; and the regulations therein affecting official duties are incident to the creation of the board for governmental purposes. It is within the power and province of the Legislature to determine in what counties budget boards should be established for governmental purposes, and such boards may be established by local laws or by general laws based upon classifications of counties by population when there may be a reasonable basis for the classification considering the subject which is governmental and administrative, making it peculiarly a matter for legislative discretion and judg-

ment. The classification of counties as made is not shown to be wholly without a reasonable basis and purely arbitrary.

Chapter 15938, Acts of 1933, has not been shown to violate Section 20 or 21 of Article III of the Constitution.

. The foregoing statement of the law of this case is concurred in by Mr. Chief Justice DAVIS and by Mr. Justice TERRELL. It is not agreed to by Mr. Justice ELLIS, Mr. Justice BROWN and Mr. Justice BUFORD, who are of the opinion that Chapter 15938, Acts of 1933, is a special or local law not duly advertised before its passage, as required by Sections 20 and 21 of Article III of the State Constitution, and therefore invalid.

In a cause of original jurisdiction in this Court a statute cannot be declared unconstitutional nor its enforcement nor operation judicially interfered with, except by the concurrence of a majority of the members of the Supreme Court sitting in the cause wherein the constitutionality of the statute is brought in question or judicial relief sought against its enforcement. Section 4 of Article IV, State Constitution.

. Therefore in this case the concurrence of a majority of the members of this Court sitting in this cause is indispensably necessary to any decision by this Court that Chapter 15938, Acts of 1933, is violative of the Constitution and consequently void as claimed by the Attorney General in his information in quo warranto filed herein. Such concurrence of a majority of the members of this Court in holding unconstitutional said Chapter 15938, *supra*, not having been had, it follows that the statute in controversy must be allowed to stand and accordingly be permitted to be enforced as a presumptively valid Act of the Legislature, and that this proceeding in quo warranto must be dismissed without prejudice. Spencer v. Hunt, 109 Fla. 248, 147 Sou. Rep.

282. This decision is not to be regarded as a judicial precedent on the question of constitutional law involved concerning the constitutionality *vel non* of Chapter 15938. State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 Sou. Rep. 51.

Quo warranto proceeding dismissed without prejudice by equal division of the Court on question of constitutionality of statute involved.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—While I have some considerable doubt as to the validity of the Palm Beach County Budget Commission Act involved in this case, the rule of constitutional law is that, in case of doubt, the doubt must be resolved in favor of upholding the validity of the legislative Act. Courts have no power *per se* to declare Acts of the Legislature invalid merely because they may be considered unreasonable, absurd, unworkable, unpopular or nonsensical in their operation. On the contrary a State statute must be upheld unless it is shown *beyond every reasonable doubt* to be contrary to some express, or necessarily implied constitutional provision, and that to enforce it results in some direct injury suffered or threatened, presenting a justiciable issue that is made to rest upon the challenged Act. Williams v. Riley, 280 U. S. 78, 74 L. Ed. 175, 50 Sup. Ct. Rep. 63.

I therefore give the benefit of the doubt to the Act in question, and concur in Justice WHITFIELD's opinion holding that it has not been sufficiently shown to be unconstitutional upon the grounds presented in the attack upon it in this case.