STATE OF FLORIDA ex rel. W. A. PARRISH, et al. v. J. M. LEE, as Comptroller, and J. ED. LARSON, as Treasurer.

23 So. (2nd) 731

November 15, 1945

Rehearing denied December 6, 1945

June Term, 1945

En Banc

*Parker & Foster, Julius F. Parker, Leo L. Foster* and *Julius F. Stone, Jr.,* for relators.

*J. Lewis Hall, J. Tom Watson,* Attorney General, and *T. Paine Kelly,* Assistant Attorney General, for respondent.

THOMAS, J.:

An alternative writ of mandamus issued from this court commanding the comptroller to draw a warrant to the board of county commissioners of Monroe County for one-half of the racing funds due that county and commanding the treasurer to pay it upon representation.

From the recitals of the alternative writ and the allegations and statements in the return of the relators the following situation is manifest. The state treasurer, as ex officio treasurer of the State Racing Commission, distributes the moneys received by him in that capacity to the counties in accordance with the provisions of Section 550.13, Florida Statutes, 1941, and F.S.A. Under Chapter 19260, Laws of Florida, Acts of 1939, one-half the funds apportioned to Monroe County are required to be paid to the board of public instruction to be expended by that body for the benefit of the public schools. So, from 1939 until 1945 one-half of Monroe County's share of receipts from racing in the state was paid to the county and one-half to the board of public instruction of the county.

In 1945 the legislature passed an act, Chapter 23117, designating and appropriating for the maintenance of municipally owned or operated hospitals fifty per cent of all funds from race tracks allotted to all counties where such hospitals were located—that is, all such counties having a population of not less than *14,000* and not more than *14,200* "according to the last or any future official *Federal* Census." (Italics supplied.) The last federal census showed the population of Monroe County to be 14,078. It was the only county of the state having a population within the limits fixed in the act.

There is squarely presented in this litigation the constitutionality of Chapter 23117. If it is unconstitutional the peremptory writ should issue notwithstanding the return. From the very restricted field in which the law could operate, it is obvious that it was actually a special act in the guise of a general one, and there having been no attempt whatever to comply with Section 21 of Article III of the Constitution, it

was void from its inception. In view of the many expressions of the court on the subject, it seems unnecessary now to elaborate on that feature.

The act is invalid also because of a plainly defective title. Predominant reason for the requirements of Section 16 of Article III of the constitution is to prevent deception, Nichols v. Yandre, 151 Fla. 87, 9 So. (2nd) 157, to insure sufficient information in the title of an act to put interested persons on notice or inquiry of its contents. Smith v. Chase, 91 Fla. 1044, 109 So. 94. The title of Chapter 23117 does not possess these qualifications. It simply describes the act as one providing for distribution and use of part of the racing funds by counties having populations within the narrow range we have already stated. There is no mention of hospitals or municipalities, no indication of the amount of the distribution or the way in which the money would be used. It was not so constructed as to pique the curiosity of a person concerned in the maintenance of hospitals or their operation by cities.

The act seems also to contravene Section 15 of Article IX of the Constitution by which the legislature is empowered to distribute to the several counties in "equal amounts" part of all "excise taxes . . . from the operation of pari-mutuel pools," for under it one-half of Monroe County's share was required to be paid direct to the governing authority of . . . [the] municipal hospital."

Because of these three faults we declare the law unconstitutional and order the peremptory writ issued.

CHAPMAN, C. J., BROWN, BUFORD, ADAMS and SEBRING, JJ., concur.

TERRELL, J., dissents.