**STATE OF FLORIDA, ex rel. J. TOM WATSON, as Attorney General of said State, v. FRANK O. ROBERTS, as the alleged Juvenile Judge of Monroe County, Florida.**

25 So. (2nd) 888                                    January Term, 1946
April 30, 1946                                                En Banc

*J. Tom Watson,* Attorney General, *Howard S. Bailey* and *Fred M. Burns,* Assistant Attorneys General, for relator.

*John G. Sawyer,* for respondent.

BUFORD, J.:

This matter is before us on Information for Writ of Quo Warranto and motion to quash the information.

The Information alleges:

"That at the general election held in Monroe County, Florida, on the first Tuesday after the first Monday in November, 1944, one Frank O. Roberts was duly elected as Judge of the said juvenile court, in and for Monroe County, Florida, for a term of four years beginning on the first Tuesday after the first Monday in January, 1945, and ending on the first Tuesday after the first Monday in January, 1949. That the said Frank O. Roberts duly qualified and became the judge of the said juvenile court for the term aforesaid and was duly commissioned as such as provided by law.

"4. That in and by chapter 22898, Laws of Florida, Acts of 1945, 'all the power, jurisdiction and authority of juvenile courts and judges of juvenile courts' in counties of the State of Florida having a population of not less than 14,000 and not more than 14,200 according to the last federal census, was 'transferred to the county judges' of such counties, all as will more fully appear by reference to a copy of said chapter 22898 hereto attached as Exhibit 'C' and made a part hereof by reference.

"5. Under the last federal census, or the federal census of 1940, Monroe County, Florida, had a total population of 14,078, and no other county within the State had a population, according to the said federal census, 'of not less than 14,000 and not more than 14,200' inhabitants. That said chapter 22898, laws of Florida, Acts of 1945, is applicable to Monroe County, Florida, and, therefore, transferred to the county judge, in and for Monroe County, Florida, 'all the power, jurisdiction and authority' theretofore exercised by the juvenile court in and for Monroe County, Florida, and by the Judge thereof."

It then alleges the passage of chapter 22898 by the 1945 regular session of the legislature as a general act; that the said Act became effective on June 11th 1945 so as to transfer to the County Judge of Monroe County, Florida, the powers jurisdiction and authority of the juvenile court in and for Monroe County, Florida, and that—"the power and jurisdiction of the judge of said court, as of June 11, 1945, notwithstanding the fact that no notice of intention to apply to the legislature for the enactment of such law was ever published in the manner and form as provided by section 21, article III, of the Florida Constitution and by the laws of the State of Florida; and no evidence of any such notice was ever established in the said legislature before the same was passed by the said legislature; and no evidence of such notice was ever filed and preserved with the said bill or act in the office of the secretary of state; and nothing appears from the journals of either of the houses of the 1945 legislature to show that evidence of any such notice and the publication thereof was ever established in the legislature before the same was passed by the said legislature; all as provided in and by section 21, article III, of the Florida Constitution.

"8. That this Relator alleges and says that chapter 22898 Laws of Florida, Acts of 1945, is not a 'special or local law' within the meaning and purview of section 21, article III, of the Florida Constitution so as to require the publication of a notice of intention to apply for the enactment thereof by the legislature, but in a general law of limited or local application or a law relating to a state and not a special or local function."

It then alleges that Respondent from and after June 11th 1945 continued to exercise jurisdiction as Judge of the Juvenile Court of Monroe County, Florida, and continues to unlawfully usurp the duties, powers and jurisdiction of such office.

The Respondent moved to quash the information on the ground that chapter 22898, Acts of 1945, is unconstitutional, null, of no effect and void because "the same is a local law passed under the guise of a general law and is in conflict with

the provisions of Section 21 of Article 3 of the Florida Constitution."

So it is that the only question we have to determine is whether or not chapter 22898, Acts of 1945, is a local and special law and, therefore, void; or, is it a general law and, therefore, valid?

The result to be reached in this case is ruled by our opinion and judgment in the case of State ex rel. Parrish v. J. M. Lee as Comptroller, et al., 156 Fla. 578, 23 So. (2nd) 731.

On authority of our opinion and judgment in that case chapter 22898, Acts of 1945, is held unconstitutional and void and the information in quo warranto is quashed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.