60 So.2d 193 (1952)
BUDGET COMMISSION OF PINELLAS COUNTY et al.
v.
BLOCKER.
Supreme Court of Florida, en Banc.
August 12, 1952.
Rehearing Denied August 27, 1952.
Robert W. Fisher, St. Petersburg, for appellants.
Askew & Earle, St. Petersburg, for appellee.
SEBRING, Chief Justice.
The appellants have appealed from a decree entered by the Circuit Court of Pinellas County, Florida, finding that the County of Pinellas is not governed by any budget commission law enacted by the Legislature of the State of Florida. The appeal raises the question of the correctness of the decision.
The Legislature, in 1931, enacted Chapter 14678, General Laws of 1931, which created a budget commission in all counties of the State "Having a Population of More Than One Hundred Fifty Thousand by the Last Preceding State or Federal Census". Two years later, the Legislature enacted Chapter *194 15934, General Laws of 1933, creating a budget commission in all counties of the State having a population of not less than 70,000 and not more than 150,000 "by the Last Preceding State or Federal Census".
In 1941, Chapter 21488, Special Laws of 1941, was enacted as a special or local law; the purpose of the act being "to Repeal So Far as the Same Affects Pinellas County, Florida, Chapter 15,934, Laws of Florida, Acts of 1933, the Same Being An Act to Create a County Budget Commission in Counties of Florida Having a Population of Not Less than Seventy Thousand (70,000) and Not more Than One Hundred Fifty Thousand (150,000) by the Last Preceding State or Federal Census * *."
Subsequently, in 1949, Chapter 26465, Laws of 1949, Ex.Sess., was enacted, "to Create a County Budget Commission in Pinellas County, Florida * * *."
In 1951, the Legislature enacted as a general law Chapter 27096, General Laws of 1951, which, according to its title, was a law "to Repeal Chapter 14678, Laws of Florida, Acts of 1931, Creating a Budget Commission in All Counties Having a Population of More Than 150,000 by the Last Preceding State or Federal Census, Insofar as Said Chapter Relates to or Affects All Counties in This State Having a Population of Not Less Than 150,000 Nor More Than 170,000 Inhabitants According to the Latest Official Census."
In the decree appealed from the court below found that Chapter 27096, General Laws of 1951, was a valid act and operated to remove Pinellas County from the provisions of Chapter 14678, General Laws of 1931, and that Chapter 21488, Special Laws of 1941, was validly enacted and hence removed Pinellas County from the provisions of Chapter 15934, General Laws of 1933. The court also found that Chapter 26465, Special Laws of 1949, Ex.Sess., creating a budget commission in Pinellas County, was unconstitutional and void because it attempted, by a special or local law, to regulate the jurisdiction and duties of county officers, in violation of Section 20, Article III, of the Constitution of Florida, F.S.A.
We cannot agree with the court below that Chapter 27096, General Laws of 1951, was a valid general law.
It must be concluded from a study of the statutes that, except for the population figures therein contained, Chapters 15934, General Laws of 1933, and 14678, General Laws of 1931, contain substantially the same provisions; and, when put end to end, plainly evidence an intention on the part of the Legislature to place all counties of the state that have 70,000 inhabitants or more by any Federal or State Census within the provisions of one or the other of these statutes. It is a matter of judicial notice that according to the latest Federal Census there were ten counties in the state, in 1950, with sufficient population to bring them within the provisions of these general budget commission statutes. If Chapter 27096, General Statutes of 1951, is upheld, the effect will be that any county having, or attaining, at least 70,000 inhabitants will be governed by a general budget commission law until it has attained a population of 150,001 inhabitants, and at this point will become automatically excluded from the provisions of a general budget commission law until such time, if ever, as it attains a population of 170,001 inhabitants; whereupon it will again come under the provisions of a general budget commission act substantially the same as that by which it was originally governed.
In respect to this, it is significant to note that at the time of its enactment the 1951 statute was applicable only to Pinellas County. The practical effect of the statute, assuming it to be valid, is to exclude Pinellas County, and that county alone, from the operation of the general budget commission laws, and more particularly Chapter 14678, General Laws of 1931, which, prior to the enactment of Chapter 27096, General Laws of 1951, was applicable to the four larger counties of the State, including Pinellas County.
It is equally significant that ever since the enactment of the general statutes creating county budget commissions Pinellas County has persistently attempted to stand apart from their operation. To be more *195 explicit, when Chapter 14678, General Laws of 1931, was enacted, the population of Pinellas County was not sufficient to bring the county within the terms of the statute. When Chapter 15934, General Laws of 1933, became law, Pinellas County did not have sufficient population to be affected by that statute. By 1940 the population of Pinellas County had increased to the point that the provisions of Chapter 15934, General Laws of 1933, became applicable. At the next ensuing term of the Legislature, held just a few months after the official census for 1940 had been taken and the results announced, the Pinellas County legislative delegation sought and secured the passage of Chapter 21488, Special Acts of 1941, which purported to remove Pinellas County from the operation of the general county budget commission statute of 1933. Subsequently, at the 1949 legislative session, the Pinellas County legislative delegation sought and secured the passage of Chapter 26465, Special Acts of 1949, which attempted to create a special budget commission for Pinellas County. By 1950, the population of Pinellas County had increased to such an extent as to bring the county within the terms of Chapter 14678, General Laws of 1931, providing for county budget commissions in all counties having a population of more than 150,000 inhabitants. At the 1951 session of the Legislature, the Pinellas County delegation sought and secured the passage of legislation (Chapter 27096, General Laws of 1951) designed to remove the county from the effects of the provisions of any general budget commission law, even though at the time of the enactment of such legislation there were six counties of the state with sufficient populations to come within the terms of Chapter 15934, General Laws of 1933, which applied to counties having populations of not less than 70,000 nor more than 150,000 inhabitants, and four counties, including Pinellas, with sufficient populations to bring them within the provisions of Chapter 14678, General Laws of 1931, providing for such commissions in counties of more than 150,000 inhabitants.
It is the rule in this jurisdiction that "where there is a substantial difference in population, and the classification on a population basis is reasonably related to the purposes to be effected, based on the differences in population which forms the basis thereof, and is not merely arbitrary, it is a general law, even though at the time it may be applicable to only one political subdivision of the State; but if the subject matter of the act and the public purpose to be effectuated thereby bear no reasonable relation to the difference in population upon which it rests, even though it be passed under the guise of a general law, it is in fact a local law; and if no notice has been published, and it contains no referendum clause, it is then a plain violation of Sections 20 and 21 of Article III of our Constitution and cannot be upheld." Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638, 645; compare Manatee County v. Davidson, 132 Fla. 295, 181 So. 889; Sivort Co. v. State, 136 Fla. 179, 186 So. 671; Knight v. Bd. Pub. Instruction for Hillsborough County, 102 Fla. 922, 136 So. 631.
From the facts we have stated, we think it is perfectly evident that while Chapter 27096, General Laws of 1951, was enacted by the Legislature as a general law, it is in truth and in fact a local or special law meant to be applicable only to Pinellas County. When so viewed, the statute rests upon the basis of the population of Pinellas County alone, with not the slightest suggestion in the record that the classification as made rests upon considerations other than mere population to distinguish it from other counties of the state which are, or may be, governed by the general budget commission laws. This, without more, would seem to require that we hold the challenged statute to be a special or local law passed under the guise of a general statute, and hence invalid. See Waybright v. Duval County, 142 Fla. 875, 196 So. 430.
If it be conceded that other counties of the State having present populations smaller than Pinellas County may eventually grow into the provisions of the 1951 act by reason of an increase in population and hence that the statute is potentially applicable to such other counties, this alone would not be sufficient to save the situation. For it *196 has not been demonstrated in the record that county budget systems of the general nature involved, which the Legislature apparently deems practicable for counties of 70,000 to 150,000 inhabitants, and for counties of 170,000 inhabitants and more, would not be equally as practicable or necessary in counties within the population bracket of not less than 150,000 or more than 170,000 inhabitants. A statute that attempts to create such a hiatus cannot reasonably be justified on the basis of mere population alone, even though, conceivably, more than one county may eventually come within its exclusionary terms for a limited period of time.
We conclude, therefore, that Chapter 27096, General Laws of 1951, is in fact a special or local law, resting merely upon the arbitrary classification of population alone, without any reasonable differences to justify such classification; and hence must be held to be unconstitutional.
We shall next consider Chapter 26465, Laws of 1949, Ex.Sess. which is a special or local law attempting to establish a budget commission in Pinellas County. Section 9 of the 1949 act reads: "The County Budget Commission is hereby authorized and empowered to change, alter, amend, increase, or decrease any item and total amount or amounts of any estimate of expenditures or receipts prepared or submitted by any board pursuant to this Act * * *." The degree of control thus indicated is given to the Budget Commission to exercise at its complete discretion. Manifestly, the power conferred upon the Budget Commission by Section 9 of the 1949 act does not constitute a mere incidental unintended encroachment upon the free employment of the discretion granted to duly elected county officers in respect to fiscal affairs, but amounts to a complete usurpation of the rights, powers and privileges conferred by general law upon such officers. Thus, the special act, in effect, reduces these constitutionally established offices to positions of virtually complete subordination and the performance of merely such ministerial acts and duties, especially in respect to fiscal budgeting and expenditures, as the Budget Commission sees fit to ordain.
It is plain that a special or local law that attempts to effect such a result is in violation of Section 20, Article III, of the Constitution of Florida, which forbids the passage of local or special laws "regulating the jurisdiction and duties of any class of officers, except municipal officers, or * * * regulating the fees of officers of the State and county * * *."
It is not necessary that the validity or non-validity of Chapter 21488, Special Laws of 1941, be considered. The only purpose of its enactment was to exclude Pinellas County from the operation of Chapter 15934, General Laws of 1933, which created budget commissions in all counties having a population of not less than 70,000 and not more than 150,000 inhabitants. As shown by the official Federal census of 1950, Pinellas County has a population of 159,249 inhabitants. Hence the validity of Chapter 21488 is not material on this appeal, even if it be assumed that it was validly enacted; for Pinellas County, by reason of an increase in population, has long since passed beyond the provisions of Chapter 15934, General Laws of 1933, and the provisions of Chapter 21488, Special Laws of 1941, by which Pinellas County sought exclusion from the terms of said general statute.
From the conclusions we have reached, we are of the opinion that Pinellas County is governed by the provisions of Chapter 14678, General Laws of 1931, and hence that the decree appealed from must be reversed with directions that a decree be rendered in accordance with this opinion.
It is so ordered.
THOMAS, HOBSON, ROBERTS and MATHEWS, JJ., and GORDON, Associate Justice, concur.
TERRELL, J., not participating.