SABRING, Justice.
This is an interlocutory certiorari proceeding to test the correctness of an order entered by the Circuit Court of Escambia County enjoining the holding of an election under Chapter 28378, Laws of Florida 1953.
The act referred to is an act entitled “An Act to. Repeal, Chapter 15934, Laws of Florida, Acts of 1933, Entitled: ‘An Act to Create a County Budget Commission -in Counties of Florida Having a Population of Not Less Than Seventy Thousand (70,000) and Not More1 Than One Hundred Fifty Thousand’ (150,000) by the Last Preceding State or,.Federal Census; to Prescribe the Powers, Duties and Functions of Such Cpunty Budget Commission and, the Qualifications, Terms of Office and Methods of Appointment of Members Thereof; and to Authorize Such County Budget Commission to Make and Control the Budget Receipts and Expenditures of the Board of County Commissioners, Board of Public Instruction, County Welfare Board, and all other Boards, Commissions and Officials of Such Counties or of Taxing Districts, Situate Therein Authorized to Raise and Expend Moneys for County or District Purposes.’ ”
Section 5 of Chapter 28378 provides in part, “This Act shall take effect immediately upon its passage and approval by the Governor, or its becoming a law without such approval, as to all counties affected thereby, except as hereinafter provided. Provided, however, that as to those counties having a population of not less than 100,000 nor more than 113,500 by the last preceding State or Federal census, this Act shall not become effective until affirmed by a majority vote of those voting in an election to be called in each such county within ninety days (90) from the effective date of this Act wherein the question to be voted upon shall be stated on the ballot * *
It is admitted by the parties that Escam-bia' County is the only county within the state that at the present time has a population of not less than 100,000 nor more than *666 113,500 inhabitants according to the last preceding State or Federal census.
The question is whether the proviso in the ■ repealing act, chapter 28378, supra, which applies only to Escambia County is constitutional and valid.
Section 16, Article III, of the Florida Constitution provides that “Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title”. (Emphasis supplied.)
The title of the act in question gives notice of the clear legislative intention to repeal chapter 15934, Laws of Florida, Acts of 1933, the latter being an act to create a budget commission in each county of the state falling within a population bracket of not less than 70,000 and not more than 150,000 inhabitants. There is nothing in the title to put anyone on notice that the repealing act contains any exceptions; or that it will not apply to Escambia County so as to abolish the budget commission therein unless and until the act is affirmed by a majority vote of the voters of Escambia County in an election to be called.
The general rule is that “where an act is entitled one to repeal a designated statute, a proviso in the body of the act restricting the effect of the repeal is void, because not covered by the title * * 59 C.J., Statutes, sec. 399, p. 816. And the title of an act purporting to effectuate only a repeal is not sufficient notice of additional provisos contained therein. Sutherland on Statutory Construction, 3rd ed., sec. 2004.
We conclude, therefore, that upon this ground alone, if upon no other, the court below acted correctly in refusing to give effect to the provision in question.
However, there is still another reason why the trial court did not err in ruling that the proviso of the challenged act was ineffective to accomplish its purpose.
Chapter 15934, Acts of 1933, is a population act based upon a reasonable classification, applicable to all counties coming within its terms in the future; hence it is, in essence, a general statute. See Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809. Such being its true nature,, it does not violate section 20, Article III of the Constitution, which provides that no special or local legislation regulating the jurisdiction and duties of county officers-shall be enacted ' by the legislature, even though in its operation and effect it seeks-to regulate the jurisdiction and duties of county officers in the several counties to-which it was applicable.
According to the 1950 Federal Census,, six counties of the state had populations of not less than 70,000 nor more than 150,000-inhabitants, and hence came within the-terms of chapter 15934, Acts of 1933, prior' to the enactment of chapter 28378, Laws of Florida, 1953. Chapter 28378 attempts to-abolish these county budget commissions,, except in Escambia County, and as to that ■county the matter is to be left to the choice of the voters in the county, by reason of the proviso under consideration. Should the voters of Escambia County vote to retain the budget commission already in operation, the result would be that chapter 15934, Acts of 1933, would be applicable irr the future to only one county, namely Es-cambia County; and 'by reason of the limited time specified for use of the referendum procedure, no other county could possibly come within its sphere of operation.
This would work an unconstitutional result under section 20, Article III of our Constitution. For such a population act, based upon population alone and applicable to only one county, is, in legal effect, a special or local law relating solely to that county; and where such an act attempts to regulate the jurisdiction and duties of the county officers in the county involved, as would be the case here if the proviso were upheld, it is in direct contravention of section 20, Article III of t-he Constitution. See Budget Commission of Pinellas County v. Blocker, Fla., 60 So.2d 193.
Some suggestion is made by the petitioner-that if section 5 of the Act is held invalid the entire statute must fall. This is a question that was not ruled on -by the court below, and hence we give it no consideration.
*667 The petition for certiorari should he denied.
It is so ordered.
ROBERTS, C. J., and TERRELL, HOB-SON, MATHEWS and DREW, JJ., concur.
THOMAS, J., concurs specially.