ROBERTS, Justice.
The point for determination here is the constitutionality vel non of Chapter 30300, Laws of Florida, Acts of 1955, a population Act applicable to counties of not less than 150,000 nor more than 240,000 population. It 'provides that in such counties “the budget of the county board of public instruction shall be subject only to the review and approval of the State Superintendent of Public Instruction.”
The Act was attacked in the instant suit by the Pinellas County Budget Commission on the ground that it was a special or local law and thus Violative of Sections 20 and 21 of Article III of our Constitution, F.S.A. in that it (1) attempted to regulate the jurisdiction and duties of a class of officers other than municipal officers, as prohibited by Section 20, supra, and (2) was enacted without notice of intention to do so having been published as required by Section 21, supra. The lower court sustained the Budget Commission’s contention and declared the Act unconstitutional. The Board of Public Instruction of Pinellas County, defendant below, has appealed.
For an understanding of the problem and its solution, it is necessary to delineate briefly the background against which the Act in question was enacted.
The Pinellas County Budget Commission is functioning under the provisions of Chapter 14678, Laws of Florida, Acts of 1931, see Budget Commission of Pinellas County v. Blocker, Fla. 1952, 60 So.2d 193, which was the first of a series of Acts relating to budget commissions — either providing for their establishment or attempting to remove certain counties from the operation of such Acts. Some of these. Acts were population Acts; others were enacted as local or special laws. We will not recount their history here, since to do so would merely illustrate the inherently pernicious nature of population Acts and serve no useful purpose. It is sufficient to say that in 1955, when Chapter 30300, supra, was enacted, all of the population Acts had been repealed except Chapter 14678, Acts of 1931, supra, and Chapter 21874, Laws of Florida, Acts of 1943.
The 1931 Act provided for the establishment of a county budget commission in counties of over 150,000 population, and the 1943 Act provided for their establishment in counties of over 250,000 population. The two Acts do not vary materially in their terms except as to the method of selection of members of the Budget Commission. In both, the Budget Commission is given full control over the budgets of all boards, commissions and officials of the county that are authorized to raise and expend moneys for county purposes, expressly including, among others, the county board of public instruction. Both Acts have been said by this court to be valid general laws. See Sparkman v. County Budget Commission, 1931, 103 Fla. 242, 137 So. 809, where the 1931 Act was held valid; and Chase v. Board of Public Instruction, Fla. 1951, 52 So.2d 122, where it was said by way of dictum that the 1943 Act was a valid general law.
In 1953, when the last of the Acts repealing budget commission Acts was enacted, Chapter 28378, Laws of Florida, Acts of 1953, it must have been the intention of the Legislature to provide for budget commissions in all counties of this state having 150,000 or more inhabitants, under one or the other (whichever is applicable) of the population Acts of 1931 and 1943 mentioned above. Cf. Budget Commission of Pinellas County v. Blocker, supra, 60 So.2d 193. The effect of the 1955 Act in question was to remove the county board of public instruction from the jurisdiction of the budget commissions established pursuant to such Acts in the smaller counties (those having less than 240,000 inhabitants). At present, only four counties of this state have established a budget commission under the 1931 or 1943 population Acts, since only these four had a population of more than 150,000 inhabitants according to the 1950 *709 federal census, these being Dade, Duval, Hillsborough, and Pinellas counties. Of these, only Pinellas will be immediately affected by the 1955 Act, since each of the other three has more than 240,000 inhabitants. But the fact that only one county is immediately affected by a population Act does not mean that the Act is necessarily a special or local law, if it is potentially applicable to others, as is the case here. Anderson v. Board of Public Instruction, 102 Fla. 695, 136 So. 334, 337; State ex rel. Buford v. Daniel, 1924, 87 Fla. 270, 99 So. 804.
The rule for our guidance here has been no better stated than by the late and revered Mr. Justice Armstead Brown in Crandon v. Hazlett, 1946, 157 Fla. 574, 26 So.2d 638, 645, as follows:
“The effect of our decisions involving these many ‘population acts’ which have come before us is that where there is a substantial difference in population, and the classification on a population basis is reasonably related to the purposes to be effected, based on the differences in population which forms the basis thereof, and is not merely arbitrary, it is a general law, even though at the time it may be applicable to only one political subdivision of the State; but if the subject matter of the act and the public purpose to be effectuated thereby bear no reasonable relation to the difference in population upon which it rests, even though it be passed under the guise of a general law, it is in fact a local law; and if no notice has been published, and it contains no referendum clause, it is then a plain violation of sections 20 and 21 of Article III of our Constitution and cannot be upheld.”
When tested by this rule, we think the 1955 Act in question is a valid general law. The Legislature could reasonably conclude that in our largest counties (those with more than 240,000 population) the complex problems of fiscal control could be best solved by a complete integration of the budgets of all county agencies spending the public money, including the board of public instruction; but that the same necessity did not exist in the smaller counties having budget commissions, and that the control and supervision exercised by the State Superintendent of Public Instruction over the county boards of public instruction would be adequate. In these circumstances and in accordance with our duty to resolve all reasonable doubts in favor of the validity of a legislative enactment, we hold that the population classification made by Chapter 30300, Acts of 1955, is reasonably related to the purpose to be effected by the Act; and, this being so, it is a valid general law and not violative of Sections 20 and 21 of Article III.
Accordingly, the decree appealed from should be and it is hereby
Reversed.
DREW, C. J., and TERRELL and O’CONNELL, JJ., concur.
THOMAS, J., dissents.
HOBSON, J., not participating.