THORNAL, Justice.
Appellant Dade County, which was defendant below, seeks reversal of a summary final decree upholding the validity of Chapter 30111, Laws of Florida 1955.
We are called upon to determine whether the cited statute which is a so-called “population bill”, is offensive to the Florida Constitution.
In 1955 the Florida Legislature enacted Chapter 30111 which was made applicable to all counties having a population of not less than 490,000 inhabitants according to the last official census. The statute provided a method for annexing unincorporated territory to adjacent municipalities located in counties covered by the act. The statute made provision for a more or less simplified annexation procedure to be accomplished by the filing of a petition signed by not less than a majority of the registered freeholders in the area to be annexed to a municipality. On July 11, 1957 appellee City of North Miami Beach annexed a certain tract owned by appellees Volkery and wife. This was accomplished pursuant to the cited statute. On July 20, 1957 the Dade County Metropolitan Government *363 Home Rule Charter became effective. The City filed its complaint in the Circuit Court asking for a declaratory decree adjudicating the validity of Chapter 30111, Laws of Florida 1955. The City wanted this adjudication in order to determine the extent of its power over territory annexed pursuant to the statute, and the land of Volkery in particular. Volkery was permitted to intervene. On motions for summary judgment filed by the respective parties, the Chancellor granted the motion filed by the City. He held in effect that Chapter 30111, supra, was constitutional, despite the fact that there was no compliance with the requirements of Section 20, Article III, Florida Constitution, F.S.A., with reference to the publication of notice of intention to introduce a local act. In effect he held that the subject statute was not a local act as such but rather a general law of local application based upon a valid population classification when related to the subject matter of the legislation. Dade County now seeks reversal of this decree.
The County contends that the subject statute is offensive to Section 21, Article III, Florida Constitution, in that it is in actuality a local act enacted without the procedural formalities with reference to the publication of notice or referendum required by the Constitution.
The appellees contend that the statute is a valid general law of local application and that compliance with the requirements of Section 21, Article III, Florida Constitution, was unnecessary.
So-called population bills have been the subject of consideration by this court on so many occasions that it would be totally unjustifiable for us to undertake any lengthy discussion. The rule of our decisions simply has been that where there is a substantial difference in population, and a statutory classification on a population basis is reasonably related to the purposes to be effected by the act and is grounded on such difference in population and not on mere arbitrary lines of demarcation, the subject statute will be considered a general law even though at the time of its enactment it may be applicable to only one political subdivision of the state. Crandon v. Hazlett, 157 Fla. 574, 26 So.2d 638. We think this rule has particular reference to statutes classifying counties on a basis of minimum population limits but without limit as to the maximum. Such has been the rule in Florida since Sparkman v. County Budget Commission, 103 Fla. 242, 137 So. 809, and State ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804. We are not here confronted with arbitrary population brackets setting minimum and maximum limits such as was the case in Waybright v. Duval County, 142 Fla. 875, 196 So. 430. It was there pointed out that the relatively narrow brackets evidencing population limits, which restricted the application of the statute to Duval County alone, thereby verily eliminating Hills-borough County on the one hand and Dade County on the other, created an aspect of unreasonableness in the classification with reference to the subject matter that caused the statute to fall. In the instant case the subject matter of the statute is the annexation of unincorporated territory by municipalities. We know that there are some twenty-six municipal corporations in Dade County. The statute is applicable to all counties with a population of not less than 490,000. It is reasonable to assume that in counties of large populations there will be concentrations of people in the outlying unincorporated areas in need of municipal services, such as, sanitary, sewerage, police and fire protection, zoning regulations and the like. It is also within reason to assume legislative justification for facilitating the annexation of such concentrated unincorporated areas to municipal limits in such counties in order to make the municipal services more readily available.
Whether the Legislature was wise in enacting the statute is not of any concern to us. It is our responsibility merely h> determine whether the Legislature had the power to do so. It appears to us that implicit in the subject statute is a subject of *364 legislation bearing a reasonable relation to the population classification. We think the ruling of the trial judge sustaining the statute meets the objections of our opinion in Waybright v. Duval County, supra, and finds support in our opinion in Sparkman v. County Budget Commission, supra, and State ex rel. Buford v. Daniel, supra. See also Chase v. Board of Public Instruction, Fla.1951, 52 So.2d 122, and Board of Public Instruction of Pinellas County v. County Budget Commission, Fla.1956, 90 So.2d 707.
Appellant relies heavily on Lindsay v. City of Miami, Fla.1951, 52 So.2d 111, for a reversal of this case. In that case the act, Chapter 25536, Acts of 1949, empowered municipalities in counties having in excess of a stated population to enact ordinances prohibiting the mixing or dispensing of intoxicating liquors by certain females. This act clearly was one dealing with the powers of a municipality in a county of a certain population. We held it unconstitutional because there appeared to be no relationship between the population of a county and the powers of a municipality in that county to regulate the mixing and dispensing of liquors by a female. In this case, however, the subject of the act is the unincorporated areas of the county and the basis is the population of the county. This may appear, at first blush, to be a distinction without a difference but on close analysis, we think the relation is perfectly logical and rational. The unincorporated areas, not the municipalities, are the concern of the act and basically what are most affected by it.
We are not called upon to pass upon the effect of the approval of the Dade County Home Rule Charter which came into effect July 20, 1957.
The decree is—
Affirmed.
TERRELL, C. J., and DREW and O-’CONNELL, JJ., concur.
THOMAS, J., dissents.