O’CONNELL, Justice
(dissenting).
I regret that I must dissent from the views of the majority.
By Chapter 61-648, Laws of Florida, 1961, the Legislature created a small claims court in each justice of the peace court in every county having a population of not less than 350,000 and not more than 385,000 inhabitants according to the last official decennial census. However, instead of providing for the election or appointment of a judge for the small claims court so established, the statute provides that the various justices of the peace would sit as judges thereof. The new courts were given civil jurisdiction up to $300.00.
It is obvious that the Legislature was here attempting to make it possible for the justices of the peace in Pinellas County to exercise enough civil jurisdiction to make their services meaningful. It could not directly increase the civil jurisdiction of the justice of the peace courts because that jurisdiction is inflexibly fixed in the constitution at $100.00, which figure has remained unchanged since the adoption of the 1885 Constitution. The Legislature attempted indirectly to increase this civil jurisdiction by creating the new court with civil jurisdiction of $300.00 and making the justices of the peace the judges thereof.
The legislative effort is laudable, but not constitutional. In my opinion ch. 61-648 is a special or local act, passed under the guise of a general act, without notice of intention being published as required by Section 21, Article III, Fla. Const.
Little can be gained by restating all that has been said by this court regarding the validity of so-called population classification acts and their true nature as *15 special or local rather than general acts. We have discussed the matter many times. See Waybright v. Duval County, 1940, 142 Fla. 875, 196 So. 430; Crandon v. Hazlett, 1946, 157 Fla. 574, 26 So.2d 638 and Dade County of Dade v. City of North Miami Beach, Fla.1959, 109 So.2d 362, to mention but a few.
In those cases, and others, we have stated that population acts should be upheld as valid general laws only “ * * * where there is a substantial difference in population, and a statutory classification on a population basis is reasonably related to the purposes to be effected by the act and is grounded on such difference in population and not on mere arbitrary lines of demarcation * * County of Dade v. City of North Miami Beach, supra. Moreover, a general law which fails to operate uniformly throughout the state is invalid unless it contains a classification predicated upon a reasonable basis. State ex rel. Limpus v. Newell, Fla.1956, 85 So.2d 124.
In the instant case I fail to see any valid basis for the classification by population made in the statute or any reasonable relationship between the purpose of the act, i. e., creation of small claims courts with justices of the peace sitting as judges thereof, and the population bracket set forth therein. The parties have made no effort to offer explanation of this point and in fact have not discussed it.
Indeed, it is difficult if not impossible to imagine a circumstance in which a double-figured population bracket, setting both minimum and maximum limits, would constitute a reasonable statutory classification. We are, of course, bound by a legislative determination that a given population density marks a transition point in the character of a problem under legislative scrutiny. However, having accepted that determination, by what logical gymnastics •can we accept the further determination that still greater population density returns the problem to its original dimensions ? Past decisions of this court clearly reflect the difficulties which it has had with this logical obstacle. State ex rel. Cotterill v. Bessenger, Fla.1961, 133 So.2d 409. With only rare exceptions, it has held invalid all statutes coming before it that were based upon such classifications. State ex rel. Coleman v. York et al., 1939, 139 Fla. 300, 190 So. 599; Waybright v. Duval County, 1940, 142 Fla. 875, 196 So. 430; Carter v. Norman, Fla.1948, 38 So.2d 30; Budget Commission of Pinellas County v. Blocker, Fla.1952, 60 So.2d 193; State ex rel. Cotterill v. Bessenger, Fla.1961, 133 So.2d 409. Moreover, each of the exceptions involved some mitigating circumstance which reduces its strength as precedent. State ex rel. Buford v. Smith, 1924, 88 Fla. 151, 101 So. 350; State ex rel. Landis v. Williams, 1933, 112 Fla. 734, 151 So. 284; State ex rel. Murphy-McDonald Builders’ Supply Co. v. Parks, Fla. 1949, 43 So.2d 347; Board of Public Instruction of Pinellas County v. County Budget Commission in and for Pinellas County, Fla.1956, 90 So.2d 707; Yoo Kun Wha v. Kelly, Fla.1963, 154 So.2d 161.
Thus, it seems clear that the statute cannot be said to be a general act and must be held to be a special or local law. Since it is not shown that notice of intention was given and no referendum was provided for the statute violates the requirements of Section 21, Article III, and is therefore invalid.
In State ex rel. Watson v. Roberts, 1946, 157 Fla. 368, 25 So.2d 888, this court held invalid a statute which transferred to the county judge of counties having a population of not less than 14,000 nor more than 14,200 all the jurisdiction of the juvenile court. The act there involved differs from ch. 61-648 principally in that the population bracket in this one is broader. But the principle under which the act was held invalid in that case is the same as must be applied here.
Chapter 61-648 is also invalid for another reason. Once the conclusion is reached that the statute is local or special it also runs *16 afoul of Section 20, Article III, which prohibits the Legislature from passing special or local laws “ * * * regulating the jurisdiction and duties of any class of officers, except municipal officers * *
Under all of the views expressed in the other opinions filed herein the subject statute would affect the duties, if not the jurisdiction, of the justices of the peace within the classification established in the statute. In my view the justices of the peace within such classification are a class of officers in the sense of the constitutional prohibition of Section 20, Article III.
For both of the foregoing reasons I would hold the statute to be invalid and therefore I find it unnecessary to reach the other two questions certified for answer.
This case forcibly illustrates the pressing need for revision of the trial court system of this state. It points up the confusion and harm done the system by our failure to accomplish that which all recognize ought to be done. In the end the people whom the courts are created to serve are deprived of an adequate, simple and inexpensive system for the administration of justice, with resulting loss of faith in and respect for the system.
As pointed out above the statute in question was passed, not because the people of Pinellas County needed more courts, but because the courts created by the constitution to handle lesser civil causes, the justice of the peace courts, were not possessed of adequate civil jurisdiction to make them useful courts in view of today’s inflated dollar. More important, under the constitution the Legislature does not have the authority to adjust the jurisdiction of these courts, the county judge’s courts (civil jurisdiction $100.00), or the county courts (civil jurisdiction $500.00), so as to give them adequate authority to meet present day needs. This fact, and the fact that the Legislature cannot provide additional judges according to need for these courts, accounts for the creation of the numerous statutory courts which exist throughout the state.
If complete revision of our trial court system is too great or too involved a task for our Legislature and the public to undertake there is still a way to make possible great improvement in our system. It is to pass a simple constitutional amendment giving the Legislature the power by general law to adjust, from time to time, the jurisdiction of all trial courts, except the circuit courts, and also to provide judges for such courts according to need.