*Ex Parte* BERT PORTER.

193 So. 750
Division A
Opinion Filed February 9, 1940

*Zewadski & Pierce* and *A. W. Brubaker,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Respondent.

BUFORD, J.—The petitioner, being charged with the offense attempted to be denounced by Chapter 19563, Acts of 1939, and being incarcerated, as it is alleged, sued out writ of habeas corpus in this Court.

The title of this Act is:

"An Act To Prohibit and Make It Unlawful To Operate or Carry on a Nudist Colony in Counties Having a Population of Not Less than 155,000 and Not More than 165,000, According to the Last State and Federal Census: Prohibiting the Practice of Nudists, and Prescribing the Penalties for the Violation of This Act."

Sections 1 and 2 of the Act provide:

"Section 1. In all counties having a population of not less than 155,000 and not more than 165,000 according to the last State and Federal census, it shall be unlawful for any person, firm or corporation to operate or carry on, or engage in the operation of a nudist colony in this State.

"Section 2. It shall be unlawful for any person to engage in nudist practice in this State."

We hold that this Act is a special and local Act because there is no reasonable relation between the attempted classification and the subject matter which warrants it being held a General Act. See Anderson v. Board of Puplic Instruction, 102 Fla. 695, 136 Sou. 334, and cases there cited.

As a local and special Act it cannot stand, because it appears that the provisions of Sec. 21, Article III of the Constitution were in nowise complied with.

The inclusion of Section 2 in the provisions of the Act is ineffective because the title of the Act limits its scope as to preclude such provisions in the Act.

Having reached the conclusions above indicated, it be-

comes unnecessary to discuss other questions presented, though they may have merit.

The petitioner should be discharged.

So ordered.

WHITFIELD, P. J., BROWN and THOMAS, J. J., concur.

TERRELL, C. J., and CHAPMAN, J., agree to conclusion.