**STATE OF FLORIDA** ex rel. **CASHIE LEE GREEN,** v. **B. D. PEARSON,** as Sheriff of Sarasota County, Florida.

14 So. (2nd) 565             June Term, 1943
July 16, 1943             En Banc

*Paul C. Albritton, J. Irvin Walden* and *Randolph Calhoun,* for relator.

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin,* Assistant Attorney General, for respondent.

SEBRING, J.:

The petitioner, Cashie Lee Green, is being held in the county jail of Sarasota County on an indictment charging her with murder in the first degree. The jury list from which the grand jury that returned the indictment was drawn, was made up by Jury Commissioners appointed under authority of Chapter 21527, Special Laws of Florida, 1941.

The act in question authorizes the appointment by the Governor of two residents of Sarasota County to serve as jury commissioners for terms of two years each. It empowers the jury commissioners so appointed "to select and list the number of male inhabitants of said county as provided by law, known or believed to be qualified under the laws of Florida to be jurors." It requires that the list, when prepared, be certified by said jury commissioners and submitted to and approved by a judge of the circuit court of said county. It prescribes that said jury list so certified and approved shall be recorded in the court minutes by the clerk of the circuit court, and that such list "shall be the basis for copying the listed names on separate pieces of paper to be deposited and preserved in the box whence the names of persons for jury duty are to be drawn as prescribed by law." See Chapter 21527, Special Laws, 1941.

The petitioner contends that the Legislature had no power or authority to pass a special or local law creating jury commissioners for Sarasota County, in view of the provision of Section 20 of Article III of the Constitution of Florida which forbids the passage of special or local laws regulating the

316

"summoning and impaneling [of] grand and petit juries, and providing for their compensation;" and hence the indictment returned by a grand jury whose names were taken from a jury list prepared by such jury commissioners was void.

This is a case of first impression. In State ex rel Landis, Atty. Genl. v. Harris, et al., 120 Fla. 555, 163 So. 237, this Court had before it in quo warranto an act similar in content to the law before us now; the challenged act in that case creating jury commissioners in counties "having a population exceeding 155,000 inhabitants by the last preceding federal census." See c. 16058, Acts 1933. The members of the court were equally divided on the question of the constitutionality of the statute and the quo warranto proceeding was dismissed "without prejudice to the constitutional questions involved." It was conceded in that case that if the law there under consideration had been purely special or local in its application it would have been invalid, for no attempt had been made by its introducers prior to its passage to comply with Section 21 of Article III of the Florida Constitution, which requires publication of notice as a condition precedent to the passage of special and local legislation. But the question of whether a special or local law embracing the subject matter of that act would be permissible under our Constitution was not decided.

Section 20 of Article III forbids the passage of special or local laws in certain enumerated cases. On these subjects legislation must be of general and uniform operation throughout the State. But in all cases not expressly enumerated, special or local laws may be passed without violating this constitutional limitation on the exercise of power by the Legislature.

It will be observed that Chapter 21527 confers upon the Jury Commissioners of Sarasota County the authority now exercised under general law by county commissioners in virtually all of the other counties of the State, of selecting and certifying the names of persons who are qualified for jury service. The qualifications of such persons to be selected for jury duty are prescribed by the general statute law on the subject. See Secs. 40.01-.02, 40.07-.08, F.S. 1941. Once

the jury lists have been prepared and certified by the jury commissioners and thereafter approved by the circuit judge and recorded in the minutes of the Court, the functions of such officers have been fully exercised, so far as the business of the administration of justice in the courts of the State are concerned. In fine, the duties of such jury commissioners begin and end with the selection of jury lists of qualified persons made up from the body of the county. Thereafter, the duties of drawing the names from the box, issuing venires, summoning jurors and impaneling them, organizing and swearing grand and petit juries, devolve upon specifically designated court officials under general provisions of law. See Sec. 40.14-40.23, F.S. 1941.

Can it be said that Chapter 21527 seeks to regulate the "summoning and impaneling of grand and petit juries?" We think not, unless the language of Section 20 of Article III is given a strained construction that is not warranted by generally accepted definitions of the terms used. Unquestionably, the act of selecting and preparing a jury list from those persons in the county whose qualifications for jury duty are prescribed by general law is an entirely different thing than summoning and impaneling a grand or petit jury, even though it may possibly bear some relation to the latter. State ex rel. Landis v. Harris, et al., *supra*. Summoning is the act of the sheriff in giving notice to persons named in the venire issued by the clerk, requiring them to appear and present themselves for jury duty at a time and place designated in the notice. See Secs. 40.22, 40.23, F.S. 1941. Impaneling is the act of making the list of those who have been regularly drawn from the box for jury duty, Zapf v. State, 35 Fla. 210, 17 So. 225, and has nothing to do with selecting and listing "the number of male inhabitants of [a] county as provided by law, known or believed to be qualified under the laws of Florida to be jurors." Chapter 21527, *supra*.

It is true that all three of these functions: selecting and preparing the jury list, summoning persons drawn from the jury box, and impaneling them, are steps designed to accomplish a common object; that is, the orderly administration of justice and the assurance of a fair and impartial jury trial

by men competent and qualified. But even so, it does not follow that these three steps in the legal process may not be the subjects of separate and distinct legislative treatment, where no constitutional prohibition intervenes to the contrary.

It is a familiarly accepted doctrine of constitutional law that the power of the Legislature is inherent, though it may be, and frequently is, limited by the Constitution. The legislative branch looks to the Constitution not for sources of power but for limitations upon power. But if such limitations are not found to exist, its discretion reasonably exercised may not be disturbed by the judicial branch of the government. State v. Board of Public Instruction for Dade County, 126 Fla. 142, 170 So. 602. And unless legislation be clearly contrary to some express or necessarily implied prohibition found in the Constitution, the courts are without authority to declare legislative acts invalid; as the Legislature may exercise any lawmaking power that is not forbidden by the fundamental law. Savage v. Board of Public Instruction, 101 Fla. 1362, 133 So. 341.

Chapter 21527 does not purport to deal with summoning and impaneling grand and petit juries, which, as we have seen, is not a valid matter for special or local legislation in this State; but confines its scope and purpose strictly to the selection and preparation of a list of persons "known or believed to be qualified under the laws of Florida to be jurors," which list becomes "the basis for copying the listed names on separate pieces of paper to be deposited and preserved in the box whence the names of persons for jury duty are to be drawn as prescribed by law." We conclude, therefore, that in its essential features; it is valid.

It may be that certain of its incidental provisions are invalid. But if so, such provisions could be stricken and disregarded without in anywise impairing the essential features of the Act. Chapter 21527, Section 7.

Having reached the conclusion that the Act in its essential features is valid, it follows that the petitioner must be remanded, as the indictment under attack was returned by a grand jury selected in conformance with law.

The petitioner is remanded.

It is so ordered.

TERRELL, BROWN, CHAPMAN and ADAMS, JJ., concur.

BUFORD, C. J., and THOMAS, J., dissent.

BUFORD, C. J., dissenting:

I am unable to concur in the opinion prepared by Mr. Justice SEBRING, although I think the purposes of the Act, Chapter 21527, Special Laws of 1941, are most laudable.

In many respects wherein this Act differs from the general law, Section 40.02 Fla. Statutes 1941, it conforms to the provisions of those other general Acts which are based on a classification by population. Sections 40.03 and 40.04, Fla. Statutes of 1941. The general law, Section 40.02, supra, applies to all counties not having jury commissions and the general law as embraced in Sections 40.03 and 40.04, is made to apply only to counties coming within those statutes. Therefore, this Act contravenes Section 40.02, supra, by providing a special method for creation of the jury list for the county and it contravenes Sections 40.03 and 40.04, supra, because it is made to apply to a specially named county not falling within the classification of counties as prescribed by either of those Sections. Therefore, this is clearly a special and local Act.

This brings us to the consideration of the question, whether or not this Act violates Section 20 of Article III of our Constitution. The pertinent part of that Constitutional provision is, "The Legislature shall not pass any special or local laws in any of the following enumerated cases: . . . summoning and empaneling grand and petit jurors and providing for their compensation; . . ."

It appears to me that there is no escape from the conclusion that this Act constitutes a special law governing the summoning and empaneling of grand and petit jurors. Section 2 of the Act provides for the selection by the jury commission of the names to be placed in the jury box. Section 3 of the Act provides a special method by which the jury commission is to test the qualifications and suitability for

jury duty of citizens of the county. Section 5 requires proposed jurors to file their claim for exemption from jury duty on or before the 31st day of December of each year or to otherwise forfeit their right to exemption. All this has to do with the summoning of the jury as well as the empaneling of the jury. This is necessarily true because only those persons whose names find their way into the jury box pursuant to law are required to be summoned and only those who are summoned, unless they be summoned specially under some order of Court, may be empaneled as jurors.

It, therefore, follows that the summoning and empaneling of grand and petit jurors begins with the selection of the names to be placed in the jury box.

If a special law of this sort can be held valid in the face of our constitutional provision, then a special Act may be valid authorizing the sheriff and prosecuting attorney to select the jury list and place the names of those eligible to serve as jurors in a jury box.

I am unable to approve a construction which will result in holding that the inhibitions of Section 20, Article III of our Constitution, supra, apply only to statutes affecting the service of process to bring proposed jurors into Court and to the empaneling of the jury by the Court after the jurors have been summoned to appear in Court. The most vital step in the empaneling of a jury is in the selection of persons to be brought into Court to serve as jurors. I readily agree that if the provisions of this Act were embraced in a general law, it would constitute wise and salutary legislation, but if this Act containing wise and salutary provisions may be held valid, then by the same token the Legislature may enact statutes on this subject, the provisions of which are neither wise nor salutary. We are dealing here not with the wisdom of the Act but with the inhibition of the Constitution.

Therefore, I think the petitioner should be discharged with directions to the court below to determine whether or not petitioner shall be held to await the action of a lawfully summoned and empaneled grand jury.

THOMAS, J., concurs.