**WILLIAM F. RONALD, et al., v. M. H. RYAN, et al.**

26 So. (2nd) 339                                    January Term, 1946
May 28, 1946                                                  En Banc

*W. J. Gardiner, Louis Ossinsky* and *Horn & Ossinsky,* for appellants.

*Horace D. Riegle* for Ranson-Davidson Company, a corporation, and *Charles W. Luther* for M. H. Ryan, R. J. Peterson, J. H. Graham, Elmer H. Blank, and G. C. Beck, as and constituting the Board of County Commissioners of Volusia County, Florida, Jesse Mathas, as Clerk of the Circuit Court in and for Volusia County, Florida, Ex Officio Clerk of the Board of County Commissioners of Volusia County, Florida, and *P. W. Harvey* and *Curtis Basch* for Milford V. Clifton, appellees.

BUFORD, J.:

This suit was instituted in the court below by petition for Declaratory Judgment.

The relators were The Halifax Drainage District of Volusia County, Florida, and the duly elected and qualified Supervisors of Halifax Drainage District together with certain landowners in the District.

The petition challenged the constitutionality of Chapter 22968, Special Acts of 1945. No attack is made challenging legislative procedure by which the Act was passed.

The contention presented is that the Act is unconstitutional because it prevents the duly elected and qualified Supervisors of the Drainage District from completing their term of office and delegates the duties of such officers to the Board of County Commissioners of Volusia County and deprives the land-owners of the Drainage District of the right of local self-government. Drainage Districts are creatures of the legislature. The Halifax Drainage District was organized under the general Drainage District Law. Such districts are, in the broad sense, municipal organizations but they do not fall within the provisions of Section 8, Article VIII of our Constitution because that was intended to apply to such municipal corporations as cities and towns.

For a statute to be held unconstitutional it must be shown to be contrary to expressed or necessarily implied prohibitions found in the State or Federal Constitutions. See State v. Pearson, 153 Fla. 314, 14 So. (2nd) 565; Taylor v. Dorsey, 155 Fla. 305, 19 So. (2nd) 876, and cases there cited. The petition in these cases entirely fails to meet this rule.

The Declaratory Decree holding Chapter 22968 Special Acts of 1945 valid should be affirmed on authority of Landis v. Readon, et al., 114 Fla. 755, 154 So. 868; State v. Carlton, 103 Fla. 810, 138 So. 612; Amos v. Mathews 99 Fla. 1, 126 So. 308 and Garrett v. Whitehurst, 122 Fla. 484, 165 So. 691.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.