**WILLIE MATTOX and A. E. ALFORD v. STATE OF FLORIDA**

29 So. (2nd) 303          January Term, 1947

February 28, 1947          En Banc

*Robert T. Dewell* and *Whitaker Brothers,* for appellants.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Rebecca Boyles Marks,* for appellee.

BARNS, J.:

From a judgment of remand in habeas corpus proceedings in the Circuit Court petitioner brings this appeal.

Appellants were indicted by a grand jury drawn from a jury list made pursuant to Chapter 22203, Acts of 1943.

Before the passage of this Act the general law by F.S. Section 40.02 (1) F.S.A. 1941 provided that the jury list should be prepared by the County Commissioners.

According to the general law, upon the list being prepared by the County Commissioners and submitted to the Clerk of the Circuit Court his duties were prescribed to-wit:

"On receiving the list of persons selected as qualified to serve as jurors, as provided for in Sec. 40.02, the clerk of the circuit court, in the presence of the county judge and the sheriff, shall write the names of the persons contained in said list on separate pieces of paper and shall roll or fold such pieces of paper so that the names written thereon will not be visible and shall deposit such pieces of paper in a box so constructed that it may be tightly closed; said box shall then and immediately after the drawing of the jury, as hereinafter provided; be closed and securely locked and across the opening thereof shall be placed a label or seal containing the signature of the clerk and the date of the closing of such box. The clerk shall keep such box in his custody but the key thereof shall be delivered to and kept by the sheriff." F.S. 40.06 F.S.A.

Chapter 22203 Acts 1943 provided for a Jury Commission for Polk County to perform the functions of selecting a jury list and further provided as follows:

"Section 3. Such list of jurors shall be completed by the Jury Commissioners and certified . . . When so certified and approved, such list of jurors shall be recorded by the Clerk of the Circuit Court . . . Said list so certified, approved, and recorded, . . . shall be the basis for copying the listed names on separate pieces of paper to be deposited and preserved in the box, whence the names of persons for jury duty are to be drawn as prescribed by law. . . . When the annual jury list or special jury list prepared pursuant to the order of a Circuit Judge is certified; approved and recorded, the box containing the names of jurors previously listed shall be emptied and all names removed therefrom before such newly listed names are placed in such jury box. If, notwithstanding

this provision, some names or papers containing names remain in the jury box, such error or irregularity shall not invalidate the contents of the box or the procurement of any jurors by drawing names therefrom or any subsequent proceeding of jury." Sec. 3, Chapter 22203, Acts 1943.

F.S. 40.06 F.S.A. deals with the jury box when the County Commissioners prepare the jury list and the question before the Court is whether or not it is applicable to the jury list submitted to the Clerk pursuant to Section 3, Chapter 22203, Acts 1943.

It is our conclusion that it became the duty of the Clerk and others to comply with Section F.S. 40.06 F.S.A. upon receiving the jury list from the Jury Commission the same as if received from the County Commissioners before the enactment of Chapter 22203 (supra). See State v. Pearson, 153 Fla. 314, 14 So. (2nd) 565.

Affirmed.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, ADAMS, JJ., and McNIELL, Associate Justice, concur.