94 So.2d 837 (1957)
PINELLAS COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Frank J. LAUMER and National Rating Bureau, Inc., a corporation, Appellees.
Supreme Court of Florida, En Banc.
March 6, 1957.
Rehearing Denied April 4, 1957.
*838 Cramer, Smith & Hobbs, C. Ray Smith and J.D. Hobbs, Jr., St. Petersburg, for appellant.
L.D. Martin and Bussey & Simmons, St. Petersburg, for appellees.
DREW, Justice.
We are here concerned with the validity under Florida Constitution, Art. III, Sections 20, 21 and Declaration of Rights Section 1, F.S.A. of an act of the Legislature of Florida delegating authority to the Board of County Commissioners of *839 Pinellas County to zone land in the unincorporated areas of said County. The act is Chapter 26164, Special Acts of 1949. Of immediate interest are Sections 17 and 18 of said act which we quote in full:
"Section 17. Notice of intention to apply for the passage of this Act by the Legislature has been published as required by Section 21 of Article 3 of the Constitution of the State of Florida, and affidavit of proof of such publication, together with true copy of such notice, was duly attached to this Act when the Bill therefor was introduced in the Legislature, and accompanied said Bill throughout the Legislature as required by Section 11.02 and 11.03, Florida Statutes 1941, and the Legislature hereby declares that said notice and affidavit are sufficient in form and in substance and that said Section 21 of Article 3 of the Constitution and said Sections 11.02 and 11.03 have been complied with in every respect.
"Section 18. This Act shall not become effective until and unless the same be confirmed by a majority of the qualified voters of Pinellas County, Florida, voting at the next general or primary election as provided by law. In the event of the ratification of this Act the same shall become effective immediately upon the official determination of said ratification."
The trial judge held the foregoing act to be unconstitutional and unenforceable on two principal grounds. The first ground which we shall discuss is the holding of the trial judge that the vote by which the qualified voters of Pinellas County ratified the act under the provisions of Section 18 above quoted was invalid because said paragraph permitted qualified voters outside the "territory affected" to have a voice in determining "whether or not that territory should be zoned and regulated as provided in the statute and to that extent was a violation of the spirit and intent of Section 21, Article III of the Florida Constitution."
As we understand the ruling of the trial court he held that the referendum portion of Art. III, Section 21 wherein the term "territory affected" is used became controlling since the Legislature provided in the act that it should not become effective unless and until approved by a referendum procedure included in the act, even though there had been an affirmative and specific compliance with all of the provisions of the Constitution relating to notice as a condition precedent to the passage of such act. The trial judge then interpreted the constitutional language "territory affected" as allowing only those voters outside the incorporated areas of the county to participate in such election.
Art. III, Section 21 authorizes the passage of special or local laws in two alternative ways, each alternate being introduced by the word Provided, viz.:
"Provided that no local or special bill shall be passed, * * * unless notice of intention to apply therefor shall have been published in the manner provided by law where the matter of thing to be affected may be situated which notice shall be published in the manner provided by law at least thirty days prior to introduction into the Legislature of any such bill. The evidence that such notice has been published shall be established in the Legislature before such bill shall be passed, and such evidence shall be filed or preserved with the bill in the office of the Secretary of State in such manner as the Legislature shall provide, and the fact that such notice was established in the Legislature shall in every case be recited upon the Journals of the Senate and of the House of Representatives; * * *."
The act here in question complies with the organic requirement just recited. Where this portion of Section 21 has been followed, the second portion,

*840 "* * * Provided, however, no publication of any such law shall be required hereunder when such law contains a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected in accordance with a provision therefor contained in such bill, or provided by general law,"
has no application.
This conclusion is not altered by the fact that the Legislature chose to have the act come into effect only after it was approved by a vote of the qualified electors of the whole county. Having acquired absolute jurisdiction and power to enact the law upon compliance with the notice provisions, the Legislature could validly condition the adoption of the act upon the approval of those voters whom the Legislature considered most vitally interested in the matter. See Nabb v. Andreu, 1925, 89 Fla. 414, 104 So. 591; Town of San Mateo City v. State ex rel. Landis, 1934, 117 Fla. 546, 158 So. 112. Since the referendum provision in the Constitution is an alternative method and since we do not construe the legislative act as attempting to comply with this portion of the Constitution, there is no need to interpret the language "territory affected" as used in the Constitution. The legislative determination of persons who should have, what is in effect, the veto power over a particular act will not be upset where it appears, as it does to us, that there is a reasonable connection between the persons taking part in the referendum and the act to be approved. The Legislature "looks to the Constitution for limitations on its power, and if [such limitations are] not found to exist, its discretion reasonably exercised is the sole brake on the enactment of legislation." State v. Board of Public Instruction, 1936, 126 Fla. 142, 170 So. 602, 606.
It is a well-established rule that in determining the constitutionality of an act of the legislature the courts must give to such enactment a construction which will uphold rather than invalidate it, if there is any reasonable basis for so doing. Lightfoot v. State, Fla., 64 So.2d 261; Spencer v. Hunt, 109 Fla. 248, 147 So. 282; Florida Sugar Distributors v. Wood, 135 Fla. 126, 184 So. 641; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81. If it were necessary to accomplish this we could resort to Section 15 of Ch. 26164, supra, which provides:
"If any section, sentence, clause, phrase, or word of this Act is for any reason held or declared to be unconstitutional, inoperative or void, such holding or invalidity shall not affect the remaining portions of this Act; and it shall be construed to have been the legislative intent to pass this Act without such unconstitutional, invalid or inoperative part therein; and the remainder of this Act, after the exclusion of such part of parts shall be deemed and held to be valid as if such parts had not been included herein; * * *."
Therefore, even were we to hold Section 18 invalid the application of Section 15 would leave the remainder of the act in effect and necessitate reversal of the trial court on this point.
Nor can we sustain the second ground for the trial judge's ruling, which is based upon the Florida Constitution, Art. III, Section 20 and Declaration of Rights, Section 1. He concluded that "Comprehensive zoning of rural property to the extent that it abridges the right to acquire, possess, use and enjoy property is in its fundamental concepts a subject inherently state-wide which should be authorized by uniform law applicable to all counties alike. * * * " The position appears to be that fundamental rights such as those contained in Declaration of Rights, Section 1, cannot be regulated through special or local acts. *841 We are cited to no authority for this position and our search reveals none. Art. III, Section 20 does not support such an argument, because zoning is not one of the expressly enumerated cases:
"* * * that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers, or for the punishment of crime or misdemeanor, regulating the practice of courts of justice, except municipal courts; providing for changing venue of civil and criminal cases; granting devorces; changing the names of persons; vacating roads; summoning and empaneling grand and petit juries, and providing for their compensation; for assessment and collection of taxes for State and County purposes; for opening and conducting elections for State and County officers, and for designating the places of voting; for the sale of real estate belonging to minors estates of decendents and of persons laboring under legal disabilities; regulating the fees of officers of the State and County; giving effect to informal or invalid deeds or wills; legitimizing children; providing for the adoption of children; relieving minors from legal disabilities; and for the establishment of ferries."
"Section 20 of Article III forbids the passage of special or local laws in certain enumerated cases. On these subjects legislation must be of general and uniform operation throughout the State. But in all cases not expressly enumerated, special or local laws may be passed without violating this constitutional limitation on the exercise of power by the Legislature." State ex rel. Green v. Pearson, 1943, 153 Fla. 314, 14 So.2d 565, 567.
The vast majority of the legislation of this State on the subject of county and municipal zoning has been by special or local law. Although Ch. 176, Florida Statutes 1955, F.S.A., is a general law on the subject of municipal zoning, it is merely one delegating the power to cities and towns to do so; it is not applicable unless utilized by such political entities. We hold that the power to zone at the county and municipal level may properly be granted by the Legislature to local authorities by local or special act.
Reversed and remanded for further proceedings consistent with the views herein expressed.
TERRELL, C.J., and HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
THOMAS, J., not participating because of illness.