133 So.2d 409 (1961)
STATE of Florida ex rel. Arthur COTTERILL, Petitioner,
v.
F. Leslie BESSENGER, Sheriff of Pasco County, Florida, Respondent.
No. 31063.
Supreme Court of Florida.
October 4, 1961.
Mabry, Reaves, Carlton, Fields & Ward and J.A. McClain, Jr., Tampa, for petitioner.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for respondent.
THOMAS, Justice
The relator secured a writ of habeas corpus from this court commanding the respondent, Sheriff of Pasco County, Florida, to reveal by what authority he was restraining relator of his liberty.
The respondent filed his return stating that the petitioner was being held on a warrant for operating a nudist colony and sunbathers association in Pasco County, a county having a population of not less than 36,700 and not more than 38,000, in violation of the provisions of Chapter 61-1433, Laws of Florida, Acts of 1961.
The petition and writ bring into focus the constitutionality of 61-1433, supra, which according to its title and its terms is an act to regulate nudist colonies, but only in those counties having a population within the restricted number of 1300 persons.
According to the certificate of the Secretary of State there is not on file in his office any proof of publication or notice with reference to the act, and the act itself carries no provision for a referendum. So the question arises whether it is a general act making the requirement of notice or referendum unnecessary to its validity or a local act in the guise of a general one inasmuch as it would be effective only in a county attaining *410 a population of 36,700 and then become ineffective if that county should increase in population by 1301 persons. We are advised that the act presently applies only to Pasco County.
The pertinent provisions of Art. III, Sec. 21, F.S.A., are: "No local or special bill shall be passed * * * unless notice of intention to apply therefor shall have been published in the manner provided by law" but no such notice is necessary "when such law contains a provision to the effect that the same shall not become operative * * * until ratified or approved at a referendum election * * *." Since there is a total want of compliance with either requirement, of notice or referendum, we have skeletonized the constitutional language.
In view of the stark constitutional question posed by the petition and return, it seems unnecessary to delve into the details of regulation contained in the act, so we content ourselves merely with the general statement that the law purportedly confines the practice of nudism to persons of respectability, in the interest of the public good, health, morals and welfare, but only in counties within the restricted population limits.
In the absence of compliance with the constitutional restrictions the law cannot withstand the attack upon it unless it is in truth a general act despite its application only to counties with the floor and ceiling in population we have set out.
And, of course, the thought immediately occurs whether there is a genuine reason to be concerned with health, morals and welfare of the public as affected by nudist colonies once a certain population is reached, then to consider these elements inconsequential if the population increases beyond the higher limitation, only to become concerned over them again should a slump reduce the population to the bracketed number.
This is but another way of approaching the determinative point in the case, i.e., the relationship of the object of the act to the population range.
It is impossible for us to find any such distinction between this act and the one with which we dealt in Ex parte Porter, 141 Fla. 711, 193 So. 750, as would justify a different ruling here. In the cited case this court held unconstitutional an act prohibiting the operation of a nudist colony in counties having populations of not less than 155,000 and not more than 165,000 on the ground that there was no reasonable relationship between the attempted classification and the subject matter.
The Attorney General undertakes to distinguish the cases because the act described in the cited one prohibited while the act now challenged only restricts.
Bearing in mind the criterion of relationship between the classification and the subject, there seems to be no merit to the position.
As we did in Ex parte Porter, supra, we hold that the present law cannot endure for the simple reasons that prerequisites to the valid enactment of special acts were ignored, and that the want of reasonable relationship between the subject and the population precludes it from operating as a general law.
There must be a reasonable basis for the classification in order for a law of this kind, based on population, to be categorized as general, Waybright v. Duval County et al., 142 Fla. 875, 196 So. 430, and none is found here. And, of course, classification by population to avoid compliance with the constitutional requirements will not be sanctioned. Shelton et al. v. Reeder, Fla., 121 So.2d 145.
The prisoner is discharged.
ROBERTS, C.J., and TERRELL, HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.