### JASON, et al v. DADE COUNTY.
No. 72-9712.
Circuit Court, Dade County.
September 1, 1972.

Karl V. Hart of Shutts & Bowen, Miami, for the plaintiffs.

Stuart Simon, County Attorney, John G. Fletcher, Assistant County Attorney, for the defendant.

THOMAS A. TESTA, Circuit Judge.

*Memorandum opinion:* This matter having come on to be heard upon the plaintiffs' complaint, answer by the county, and memoranda of law submitted by the parties and amicus curiae, the court having heard argument and being otherwise fully advised in the premises, finds —

The parties have agreed that the court would proceed first with the question of the constitutionality of the building moratorium ordinance (Dade County Code §33-319 et seq.) voted upon and passed by the voters in the county and incorporated areas in March 1972 and adopted by the board of county commissioners.

The plaintiffs contend that the moratorium ordinance vests an arbitrary discretion in the county manager without prescribing definitive standards and is an unconstitutional delegation of legislative power, citing Drexel v. City of Miami Beach, 64 So.2d 317 (1953), and other cases as authority.

The court finds that those cases can be distinguished from the instant case insofar as Metro Code §§33-311, 33-319-320 and 33-315 recite detailed standards and guidelines for the county manager and the commissioners to follow in determining public welfare. These criteria encompass congestion on the highways, secure safety from fire, panic and other dangers, to provide adequate light and air, to prevent the overcrowding of land and water, to avoid the undue concentration of population and to give due consideration to all the supporting services such as water, sewage, parks, schools and transportation. This court cannot conceive of any greater delineation of standards for the guidance and control of zoning officials.

The ordinances in question further provide that the county manager's decision is not final until acted upon by the commission — the matter may be submitted to the commission for approval or disapproval.

The challenge by plaintiffs that the moratorium ordinance is unrelated to the valid exercise of the police powers must fall on barren soil. The collection and research of recent cases throughout the United States firmly establishes that building moratoria are vitally related to the public welfare, health and safety, and that such "holding devices" are valid pending a comprehensive re-evaluation of environmental values. Rubin v. McAlevey, 282 N.Y.S. 2nd 564 (S.C. 1967), affirmed 288 N.Y.S. 2nd 519 (1968), Florida Attorney General Opinion No. 072-15, January 12, 1972, Euclid v. Amber Realty Co., 71 L. Ed. 303 (1926), American Smelting & Refining Co. v. City of Chicago, 347 Ill. 32, Euverad v. Miller, 98 Ohio App. 283.

The use of "stop-gap" measures pending a thorough study of community conditions prior to the enactment of a comprehensive zoning ordinance or amendments are generally held to be valid when based on a reasonable period of time to complete the study. 34 Notre Dame Lawyer 109 (1958), 18 Syracuse Law R. 66/67, 30 A.L.R. 3rd 1106, Pooley, *Planning and Zoning in the United States,* 8 (1961).

The plaintiffs raise the question of the statutory authority of the county to pass a building moratorium ordinance. This court is of the opinion that the home rule enabling act empowers the county to enact zoning ordinances and regulations, also Florida Statutes chapter 176 is a grant of general authority to municipalities to pass zoning laws.

The contention by plaintiffs that the referendum for the approval of the building moratorium which was favorably voted upon by residents of both the incorporated and unincorporated areas is void because it applies to the unincorporated areas is not supported by two recently decided Florida cases. In Pinellas County v. Laumer, 94 So.2d 837, the court held that a zoning ordinance could be submitted to all the voters in the county although affecting the unincorporated area only, and in the opinion of the Third District Court of Appeal in July 1972, Merrill v. Dade County, 3rd DCA Case No. 72-707, the court ruled that the electorate of the entire county could vote on a tax to be levied solely in the unincorporated areas.

The plaintiffs advance the proposition that ordinances are no longer presumed to be valid and that the burden is upon the zoning authority to prove the reasonableness and necessity when assaulted. The Florida Supreme Court has concluded that the burden is upon the plaintiff to show that the ordinance is unreasonable and invalid, City of St. Petersburg v. Aikin, 217 So.2d 315.

Upon consideration it is therefore ordered and adjudged —

That Dade County Code §§33-319 and 33-322, known as the moratorium ordinance, are hereby declared constitutional.

That the widespread interest and impact this case has on public and private rights compels a direct review by the Florida Supreme Court transcending any considerations for delay.

That the board of county commissioners through its county manager is hereby directed to initiate without undue delay a comprehensive study of the county zoning ordinances and related supporting services.

That this court retains jurisdiction for the final determination of other issues raised by plaintiffs' complaint.