Mr. Edward J. Marko Broward County School Board Attorney K.C. Wright Administrative Building 600 Southeast Third Avenue 11th Floor Fort Lauderdale, Florida 33301
Dear Mr. Marko:
On behalf of the Broward County School Board, you ask the following question:
Is the Broward County School Board subject to Chapter 97-88, Laws of Florida, which requires certain school boards to hold a referendum on November 4, 1997?
In sum:
The Broward County School Board must conduct a referendum on November 4, 1997, in accordance with Chapter 97-88, Laws of Florida, on the question of whether to increase school board membership to nine with seven members elected from single member districts. Chapter 97-88, Laws of Florida.
You question the validity of Chapter 97-88, Laws of Florida. You suggest that the Legislature, by requiring the school board to hold a referendum without providing additional specific funding for the referendum, has exceeded its authority.[1]
The courts of this state have long recognized the inherent authority of the Legislature, as the people's representative reflecting the popular will, to enact any law not forbidden by organic law. The Legislature "looks to the Constitution for limitations on its power, and if not found to exist, its discretion reasonably exercised is the sole brake on the enactment of legislation."[2] (e.s.) Thus, "[q]uestions of policy or of burdens in enacting laws, when no provision or principle of the constitution is thereby violated, are not subject to judicial review."[3]
You allege that school districts are constitutional entities created by Article IX, Section 4, Florida Constitution. While constitutional entities (as are, for example, counties[4]), school districts are not immune from legislative control.[5]
Recently, in Coalition for Adequacy and Fairness in SchoolFunding, Inc. v. Chiles,[6] the Supreme Court of Florida acknowledged the "enormous discretion" of the Florida Legislature to determine what provision to make for an adequate and uniform system of free public schools. In Florida Department of Educationv. Glasser,[7] the Court declined to more specifically define "a uniform system of free public schools," leaving it to the Legislature to give this phrase its meaning.
Thus, notwithstanding your uncertainty, the Legislature retains the authority to impose a legal duty on school boards, whether additional funds are provided or not.[8]
The nature of Florida's largest communities has changed significantly in recent years. Chapter 97-88, Laws of Florida, appears intended to keep pace with these changes by recognizing that in those very large counties, it is in the interests of public education to hold a referendum on the manner of election and the increase in membership of the school board.[9] The school board, however, has no discretion in this matter and, therefore, must fulfill the legislative directive set forth in Chapter 97-88, Laws of Florida, without further delay.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 1 of Chapter 97-88, Laws of Florida, provides for a referendum to be held in counties having a population of one million or more persons as of the last decennial census, other than a county as defined in section 125.011, Florida Statutes, on whether the school board should be composed of nine members, seven of whom are to be elected from single member districts and two of whom are to be elected at large. If such a change is approved during the referendum held the first Tuesday after the first Monday in November 1997, the school board must provide for the orderly transition for the election of school board members as the terms of the incumbent school board members expire.
[2] State v. Board of Public Instruction for Dade County,170 So. 602, 606 (Fla. 1936); Pinellas County v. Laumer, 94 So.2d 837
(Fla. 1957).
[3] City of Hialeah v. State ex rel. Ben Hur Life Ass'n,174 So. 843, 849 (Fla. 1937). And see, Jackson Lumber Co. v. WaltonCounty, 116 So. 771 (Fla. 1928), appeal dismissed, 296 U.S. 667,49 S.Ct. 338, 73 L.Ed. 1011 (1928) (courts of this state have no business enjoining the political decisions of the Congress or the state legislature unless a violation of a state or federal constitutional provision or principle is shown to have occurred).
[4] See, Art VIII, s. 1, Fla. Const. Cf., Art. VIII, s. 2, Fla. Stat., recognizing the establishment of municipalities which possess governmental, corporate and proprietary powers to enable them to carry on municipal functions and render municipal services.
[5] See, Art. IX, s. 4(a), Fla. Const., stating that "[i]n each school district there shall be a school board composed of five or more members chosen by vote of the electors for appropriately staggered terms of four years, as provided by law" (e.s.), thus recognizing the Legislature's authority to prescribe the composition and election of school board members. Cf., Art. VII, s. 18, placing limitations on laws requiring counties or municipalities to spend funds or restricting their ability to raise revenue or receive state tax revenue.
[6] 680 So.2d 400 (Fla. 1996).
[7] 622 So.2d 944 (Fla. 1993).
[8] Cf., Art. VII, s. 18, Fla. Const., placing limitations on laws requiring counties or municipalities to spend funds or restricting their ability to raise revenue or receive tax revenue.
[9] The staff analysis for Senate Bill 72 (Chapter 97-88, Laws of Florida), states that Dade and Broward Counties have populations greater than one million and Palm Beach's population is expected to reach that number by April 1997. Hillsborough County is anticipated to reach one million persons between April 1, 2003 and April 1, 2004 with Orange County following sometime between April 1, 2008 and April 1, 2009.