The Honorable Mark Flanagan Representative, District 68 4301 32nd Street West, Suite C-2 Bradenton, Florida 34205
Dear Representative Flanagan:
You ask substantially the following question:
May a special act creating an independent special taxing district, which was approved by referendum, be amended by a subsequent special act of the Legislature that does not require approval by referendum?
In sum:
A special act creating an independent special taxing district, which was approved by referendum, may be amended by a subsequent special act of the Legislature without approval by referendum provided that the special act has been properly noticed in accordance with Article III, section 10, Florida Constitution, and statutory requirements.
Your inquiry concerns the Bayshore Gardens Park and Recreation District in Manatee County, which was created by a special act as an independent special taxing district.[1] Section 24 of the district's enabling legislation restricted spending increases unless certain conditions were met. One such restriction requires that when an acquisition amount exceeds $15,000, the acquisition must be submitted to and approved by a majority of the qualified electors:
"(a) Notwithstanding any provisions to the contrary (as may now appear in Sections 8, 13, or 15), the Trustees shall not enter into any future contracts involving the purchase, lease, conveyance or other manner of acquisition of real or tangible personal property in any instance when the cost, price or consideration therefor exceeds Fifteen Thousand ($15,000.00) Dollars, including all obligations, proposed to be assumed in connection with such acquisition, unless:
(1) The trustees by two-thirds vote have approved the terms and conditions of such acquisition by written resolution.
(2) Within not less than thirty (30) nor more than sixty (60) days of the date of the resolution, the trustees certify the resolution to the supervisor of elections of Manatee County for a referendum election; and,
(3) A majority of qualified electors approve the resolution by referendum election."
According to your letter, this amount was increased in 1997 by special act from $15,000 to $25,000.[2]
You state that there currently exists an internal dispute between a group of residents within the district and the district board of trustees. The board of trustees wishes to have the amount specified in section 24, supra, increased from $25,000 to $125,000, and sought an amendment to the special act during the last legislative session. Bills introduced in the House of Representatives and the Senate would have amended the district's enabling legislation; however, neither bill passed.[3] You note that neither the House bill nor the Senate bill was contingent upon approval by the district's electorate. A group of residents, however, apparently believe that since the original special act was approved by referendum, any amendment to that special act must also be approved by referendum.
Article III, section 10 of the Florida Constitution, sets forth certain requirements for the passage of a special law, providing:
"No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except the provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected."
Therefore, before a special law may be passed, one of two things must have occurred: (1) there must have been notice of intention to seek enactment of the special law published in the manner provided by general law,[4] or (2) the law must contain a referendum provision and the effectiveness of the law must depend on a favorable vote in the referendum.
Article III, section 10, Florida Constitution, thus specifiesalternative conditions precedent to the validity and effectiveness of the subject legislation.[5] In the absence of such published notice or referendum provision, the special legislation would be invalid and inoperative.[6] A referendum, however, is not required if there has been notice of intention to seek enactment of the special law published in the manner provided by general law. The fact that the original enabling legislation requires approval by vote of the electors of an affected area does not mandate that a referendum be held to approve amendatory legislation.
Accordingly, this office in Attorney General Opinion 81-73 stated that the fact that the original enabling legislation for the Southeastern Palm Beach County Hospital District required approval by vote of the electors of an affected area did not mandate that a referendum be held to approve amendatory legislation contracting the boundaries of the special tax district.[7]
As noted in Attorney General Opinion 59-98, where a law is properly enacted pursuant to notice duly published as required by the Constitution, the Legislature may nevertheless validly require the submission of such law to a referendum of those voters whom the Legislature considers to be vitally interested in the matter.[8] Thus, while a referendum is not required under the provisions of Article III, section 10, Florida Constitution, if there has been notice of intention to seek enactment of the special law published in the manner provided by general law, the Legislature is not prohibited from including a referendum requirement.
Accordingly, I am of the opinion that a special act creating an independent special taxing district, which was approved by referendum, may be amended by a subsequent special act of the Legislature without approval by referendum provided that the special act has been properly noticed in accordance with ArticleIII, section 10, Florida Constitution, and statutory requirements.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 79-509, Laws of Fla.
[2] See, Ch. 97-357, Laws of Fla.
[3] See, SB 2358 and HB 923 (2001).
[4] See, e.g., ss. 11.02-11.03, Fla. Stat., setting forth the requirements for the notice of special legislation and the evidence and proof of publication of the notice.
[5] See, State ex rel. Cotterill v. Bessenger, 133 So.2d 409
(Fla. 1961) (statute was invalid in absence of compliance with constitutional prerequisites to validity of local acts that notice of intention to apply for special bill be published or statute contain provision that it should not become operative until ratified or approved at referendum election).
[6] See, e.g., Budget Commission of Pinellas County v. Blocker,60 So.2d 193 (Fla. 1952).
[7] And see, Op. Att'y Gen. Fla. 77-40 (1977) (special act regulating use of certain nets and seines in county waters, which was approved by a favorable vote of the electors in the affected area, may be repealed or amended by Legislature without a provision requiring approval by vote of the electors of the area affected if the constitutional requirements for publishing notice of intention to seek enactment have been complied with); cf., Op. Att'y Gen. Fla. 79-20 (1979).
[8] See also, Pinellas County v. Laumer, 94 So.2d 837 (Fla. 1957).